## INDUSTRIAL COMMISSIONER OF NEW YORK v. SCHNEIDER.

### No. 248, Docket 20571.

Circuit Court of Appeals, Second Circuit.

June 30, 1947.

Louis P. Rosenberg, of Brooklyn, N. Y., for trustee-appellant.

Nathaniel L. Goldstein, Atty. Gen., and Wendell P. Brown, Sol. Gen., of Albany, N. Y. (Francis R. Curran and George Grau, Asst. Attys. Gen., of counsel), for appellee.

Before L. HAND, CHASE and CLARK, Circuit Judges.

848

CHASE, Circuit Judge.

This appeal is by the trustee in bankruptcy of A. B. C. Welding Works, Inc., from an order of the District Court for the Southern District of New York which granted the motion of the Industrial Commissioner of the State of New York for leave to amend a timely proof of claim he had filed for taxes, and interest thereon, due under the New York State Unemployment Insurance Law, Consol.Laws, c. 31, § 500 et seq., for the period beginning April 1, 1944 and ending September 30, 1944. The claim as filed contained the following by way of reservation: "This claim is subject to change at the completion of an audit of the books and records of the corporation."

After that audit had been made and after the time allowed for the filing of claims against the bankrupt's estate had expired, the Commissioner moved for leave to amend his claim by adding thereto the amount due for such taxes, and interest thereon, for the period beginning July 1, 1943 and ending March 31, 1944 and for that beginning October 1, 1944 and ending November 30, 1944 and to change the amount which had originally been claimed for the period beginning April 1, 1944 and ending September 30, 1944. The referee had denied that part of the motion which sought to add to the claim filed taxes which had accrued before and after the period stated in the claim and had done so on the ground that such amendments, if allowed, would permit the proof of new claims after the filing date had passed. The district judge disagreed on the ground that the proposed amendments merely altered the amount of a claim for specific taxes which were continuing in nature.

■ Under Sec. 57, sub. n, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, the court might have extended the time for filing this claim provided application therefor had been made before the statutory period for filing had expired. But no such application was made and the decision depends upon whether the amendment introduced a new and distinct cause of action in respect to each added period.

■ These taxes are levied under Art. 18 of the New York Labor Law by virtue of those sections which are known as the New York State Unemployment Insurance Law. Sec. 560 provides that any employer shall be liable to pay them if he employs, with certain exceptions, in all of his several places of employment in the state four or more persons for fifteen or more days in any calendar year and that his liability shall begin on the first of such fifteen days of employment. Sec. 562 provides for termination of such liability after it has commenced. Sec. 570 fixes the rate and provides for the payment, on and after the date when an employer becomes liable, "at such times and in such manner as the commissioner may prescribe." Sec. 530 empowers the commissioner " * * * to make all rules and regulations and, subject to the regulations of the civil service, to appoint such officers and employees as may be necessary in the administration of this article." The commissioner, pursuant to this authority, promulgated Regulation 22 reading as follows:

"22. Reports and payments of contributions.

"a. Contributions due under the unemployment insurance law shall be payable quarterly based on 'wages paid' in a quarter as set forth in regulation 2.

"b. Employers liable for contributions under the unemployment insurance law shall report contributions due on forms furnished for this purpose by the division of placement and unemployment insurance and in accordance with instructions printed thereon. Such reports shall be accompanied by payment of contributions.

"c. Reports and payments of contributions shall become due on or before the last day of the month following the close of the quarter during which the wages were paid; provided, however, that in regard to wages definitely assignable to payroll periods, if the rate or amount of such wages has not been finally determined prior to the end of such quarter, reports of such portion of the wages which is not paid in that quarter and the payments of contributions thereon shall become due on or before the last day

of the month following the close of that quarter in which the rate or amount of such wages was finally determined, a separate contribution report shall then be filed for each quarter to which such wages as finally determined apply.

"d. Reports and payments of contributions by an employer not previously liable for contributions under the unemployment insurance law become due for the first time on or before the last day of the month following the close of that calendar quarter during which the 15th day of employment of four or more persons during the calendar year occurred. The employer shall at such times file separate reports with respect to each of the calendar quarters during the calendar year for which contributions are payable by him."

It is readily seen that for administrative purposes it was desirable to have reports made and contributions paid on the quarterly basis, but the computation of the amounts due as contributions from employers under the statute depended upon factors which continued constant irrespective of quarterly periods. Those factors were the number of employees, and the amount they were paid provided the employment period equalled or exceeded fifteen days in any calendar year which, of course, included any quarter of a calendar year. The statute was effective continuously, and not for a specific period like the local law discussed in Matter of Morgen Drug Co., Inc., D.C., 42 F.Supp. 345 by which the enabling act of the state legislature was implemented to provide for emergency taxes for designated periods, each of which might well be a separate tax whose nonpayment created a separate and distinct cause of action, as does a claim for federal income taxes calculated for an annual period. See United States v. Sullivan, 2 Cir., 98 F.2d 79.

The regulation above quoted does not change the continuous nature of the taxpayer's (contributor's) statutory liability for taxes that accumulate as they accrue and merely makes them payable quarterly. Should the commissioner change the regulation to make payments due, for instance weekly, or monthly, or for any other periods as he might see fit it could hardly be sup-

posed that this administrative action would automatically increase or diminish the number of separate causes of action against a delinquent taxpayer. Nor do we find anything in the penal provisions of the New York Unemployment Insurance Law, see Secs. 632, subd. 1(b) and 534, to create separate offenses based upon periodic intervals of time.

The proof of claim timely filed was in our opinion for an individual tax liability which was, upon a more complete audit of the bankrupt's books of account, shown to be inaccurate both in respect to the computation actually made on part of the payroll and in respect to the failure to take into account all of the payroll on which the computation should have been made to determine one tax liability constituting one cause of action. The amendment but permitted the correction of errors in the proof of claim without adding new causes of action, and was proper. In re G. L. Miller & Co., Inc., 2 Cir., 45 F.2d 115.

Affirmed.