**In the Matter of DIVERSIFIED BROKERS COMPANY, INC., Bankrupt.**

**No. 69 B 569.**

United States District Court,
E. D. Missouri, E. D.

March 6, 1973.

John A. Nooney, Clayton, Mo., Trustee.

Stuart Symington, Jr., and Sanford S. Neuman, St. Louis, Mo., for John Nooney.

John J. McCarthy, Chief, General Litigation Section, Tax Div., Washington, D. C., Daniel Bartlett, Jr., U. S. Atty., William McNamara, Office of Chief Counsel, I. R. S., St. Louis, Mo., for claimant.

## MEMORANDUM AND ORDER

MEREDITH, Chief Judge.

The Government has moved the Court to reconsider the opinion dated February 14, 1973, 355 F.Supp. 76, wherein the Court adopted the opinion of the Referee dated September 19, 1972.

The basis for reconsideration is that the Government states it did not concede that the Bankrupt considered the transactions as loan transactions, as stated by the Referee. The Government in their brief, page 10, filed 12–16–70, stated:

"The fact of the money being paid out is not in dispute (Stipulation, par. 18). What is in dispute is the motivation for these disbursements. The two basic requirements for keeping a scheme such as Diversified's in operating condition are that: (1) everyone who wants their money out gets it, and (2) new notes equal to the amount of old notes coming due, plus interest, be put in circulation. Apparently, there are no instances of anyone asking for the return of the investment money where such was not paid out. Also, from the figures as to the amount of cash secured by the scheme, there was sufficient money on hand to pay off the old notes as they came due."

At page 7, Government's reply brief, filed 5–20–71, stated:

"The trustee is correct in his assertion (Trustee's brief, p. 29) that the sole basis of the determination of income is the alleged lack of intention by Diversified to repay the moneys borrowed by it."

At page 19, Government's reply brief stated:

"The United States asserts that Diversified Brokers Company took money from individuals in return for prom-

issory notes and that there was an obligation to repay."

The Government did not concede that the transactions were bona fide loans and they did not concede that they were loans for tax purposes. They do, in fact, contest the fact that these were loans for tax purposes and the opinion so states. The Court affirms the Referee's decision for the reasons that:

1. All loans were repaid when requested of the Bankrupt with interest.

2. Both the Bankrupt and the lender considered these as loans.

3. Sufficient cash was kept by the corporation to repay the loans as requested.

4. There was no intent by the Bankrupt's officers to convert the money until it was actually taken from the corporation for their own personal use.

5. The tax award to the Government is due by the individual officers to the extent that money was taken and embezzled by those officers.

It is hereby ordered that the motion to reconsider is denied.