### In re KEYBOARDS AMERICA, INC., Debtor.

### Bankruptcy No. 81–00608–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 6, 1983.

Stanley M. Salus, Alexandria, for debtor.

Richard H. Gins, Washington, D.C., for the Creditors' Committee.

Lawrence H. Martin, Fairfax, Va., Local Counsel for the Creditors' Committee.

Stephen P. Kling, Annapolis, Md., and Kenneth Smith, Alexandria, Va., for S & B Corp.

Arthur F. Fergenson, Alexandria, Va., Acting U.S. Trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The issues here arise on the motion of S & B Corporation ("S & B") seeking leave to file a Proof of Claim in the above-captioned Chapter 11 proceeding. By order entered May 28, 1982 this Court established July 15, 1982 as the last date for filing claims herein.

S & B indicates that it did not receive the notice informing creditors of the cut-off date for filing a Proof of Claim which was mailed by the Clerk of this Court on May 28, 1982. It asserts further that it was unaware that the debtor was disputing the validity of the claim itself, rather than only the amount of the claim, until October 1982. S & B represents that it was at that time that it learned for the first time, in a telephone conversation with the debtor's attorney, that: (a) the debtor had filed amended schedules in May 1982 reducing to zero the scheduled amount of the debt to S & B, and (b) was taking the position that S & B had waived its claim by failing to file a Proof of Claim before the cut-off date.

S & B attributes its failure to receive notice of the cut-off date to the alleged fact that the only address for S & B on file with the Court was "168–39th Street, Brooklyn, New York, 11232", which address was no longer effective. S & B further asserts that the debtor's attorney had been given a

new address in March 1982. This address was "Eastern Tea Corporation, 400 Trumble Street, Elizabeth, New Jersey 07206". In addition, S & B points out that the security agreement which forms the basis for S & B's claim contains a provision indicating that any and all communications with S & B should be addressed as follows: "Attention: Samuel A. Sardinia, President, 37 Star Island, Miami Beach, Florida 33139" [1].

S & B further argues that the motion should be granted because its dealings with the debtor and the debtor's attorney constituted an informal proof of claim which now may be amended. The movant cites a number of cases to support its theory of an informal proof of claim which may be amended after the "bar date" for filing has passed, and indicates that the Circuits are divided on the matter of whether the filing of a proof of claim after the "bar date" is to be permitted liberally or only in the most extraordinary circumstances. It is the position of S & B that the ruling of the Fourth Circuit favors a liberal standard on the issue.

The debtor states that prior to the mailing of the notice of the "bar date" by the Court, the debtor notified this Court's Clerk's Office of the additional address for S & B. The debtor states further that notice of the last date for filing a Proof of Claim also was published in the Washington Law Reporter and in The Washington Post as directed in the Court's Order. The debtor notes that the Order setting the "bar date" and directing that notice be sent stated that mailing to all scheduled creditors and publication would be deemed adequate and sufficient notice. The debtor asserts that the Brooklyn address had been provided to the debtor by S & B, citing Rule 2002(d) of the Local Rules of this Court which places on the creditor the responsibility for notifying the Court of changes in the creditor's address. In addition, the debtor notes that no notices mailed to the creditor

at either the Brooklyn address or the New Jersey address ever have been returned by the Post Office to the Clerk of the Court, giving rise to an inference that the notices were received by the creditor.

The debtor also indicates that S & B knew, or should have known, that the debtor disputed the validity of the debt to S & B. As evidence, the debtor refers to a March 5, 1982 letter of debtor's counsel to Sam Sardinia, a copy of which is attached to the original affidavit as Exhibit 2. In that letter, debtor's counsel stated: "2. Copy of the Keyboards' agreement with Metropolitan Capital Corporation, whereby Keyboards was forced to purchase many of the same assets it supposedly purchased from S & B Corporation." The debtor also directs the Court's attention to the original schedules filed in this proceeding in which the debtor listed the claim of S & B as disputed. The only difference between the original schedules and the amended schedule, the debtor notes, is the amount of the claim listed as disputed not the fact that a dispute existed. The debtor's attorney represents that he attached a copy of the original schedules to the March 5, 1982 letter which Mr. Sardinia admits having received.

Section 1111 of the Bankruptcy Code states that a Proof of Claim is deemed filed for any scheduled debt except one "that is scheduled as disputed, contingent, or unliquidated." Bankruptcy Rules 8–401 and 10–401 require a creditor whose claim is listed as disputed, contingent or unliquidated to file a Proof of Claim prior to the time of confirmation of a plan or before any other date fixed by the Court. In order to secure allowance of its claim in any amount, therefore, S & B was required to file a proof of claim. The Code requires this procedure regardless of whether the claim is disputed in its entirety or only as to amount.

The debtor argues that S & B's failure to file a Proof of Claim before the "bar date"

---

1. Although S & B mentions this Miami address, raising an inference that it was also a good address for the creditor, the debtor points out that Mr. Sardinia actually had sold this property in January 1981, approximately five months

before Keyboards filed its petition with this Court. *See* the debtor's "Supplemental Opposition to Motion for Leave to File Proof of Claim" and Exhibit A thereto.

can be overcome only on a finding of this Court that failure to file was due to excusable neglect. It is the debtor's position that S & B's conduct does not meet the standard for excusable neglect.

The debtor states that if the Court permits S & B to file its claim the debtor and other creditors will be severely prejudiced. The debtor's plan of reorganization depends substantially upon a joint enterprise proposal with the Baldwin Piano Company. One of the conditions upon which Baldwin was willing to negotiate the joint enterprise proposal, the debtor states, was that the exact amount of all claims against the debtor be fixed. In addition, the joint enterprise proposal is specifically contingent upon confirmation of the plan of reorganization. The debtor argues that since this plan does not take into consideration the claim of S & B, and Baldwin has taken the position that it will not go forward with the joint enterprise proposal if the claim is allowed to be filed, filing of the claim of S & B would cause the debtor's plan to fail.

Bankruptcy Rule 10–209 governs the mailing of notices to creditors and other parties in interest. Rule 10–209(d) directs that all notices to which a creditor is entitled "shall be addressed to such person as he or his authorized agent may direct in a request filed with the Court; otherwise to his address shown in the lists or, if a different address is stated in a Proof of Claim duly filed, then at the address so stated." Local Rule 2002(d) is identical to Bankruptcy Rule 10–209(d).

The debtor's attorney, in an affidavit, states that he telephoned and requested the Clerk's Office to add the Elizabeth, New Jersey, address for S & B Corporation to the mailing matrix to ensure its addition prior to the mailing of the notice of the fixing of a final date for filing claims. The debtor also has submitted an affidavit of Audrey Baker, a former Deputy Clerk of this Court, in which Miss Baker states that she added the following name and address to the mailing matrix on May 28, 1982:

"S & B Corporation,
c/o Eastern Tea Corporation
400 Trumble Street
Elizabeth, New Jersey 07206
Atten: S. Sardinia"

The Court's file in this case contains a letter from the debtor's attorney, dated May 26, 1982, requesting that the above addition be made to the mailing matrix. This letter is stamped "Received" by the Clerk's Office on June 1, 1982, and bears a notation by Audrey Baker that she had already performed the requested addition to the matrix on May 28, 1982, prior to receiving the letter.

S & B Corporation has submitted an affidavit of Catherine Lyons, an employee of the attorney for S & B. In her affidavit Miss Lyons states that she contacted the Clerk's Office on or about November 30, 1982 and a second time a few days later. Miss Lyons states that she was informed on both occasions that the mailing matrix in this case showed only one listing for S & B Corporation and that the only address given was the Brooklyn one.

In support of its motion for leave to file a claim, S & B relies heavily upon the Fourth Circuit case of *Fyne v. Atlas Supply Company*, 245 F.2d 107 (4th Cir.1957). In the *Fyne* case, the Fourth Circuit approved the late filing of a proof of claim. The facts in *Fyne* involved a situation whereby the claimant had obtained a judgment against the debtor and had caused execution to be levied upon the debtor's property; shortly before the sale was to take place under this levy, other creditors filed an involuntary petition in bankruptcy, alleging the judgment, execution, and proposed sale as a basis for the involuntary adjudication; the claim was scheduled by the bankrupt; the attorney representing the claimant attended the first meeting of creditors and participated in the meeting, but did not file a formal proof of claim because of the mistaken belief that this had been done by another attorney who formerly had represented the claimant; the attorney also wrote a letter to the Trustee in Bankruptcy giving advice regarding pending litigation. The Fourth Circuit permitted the claimant to file what it termed an amended claim

because "the existence and amount of the claim are established by the files of the bankruptcy court itself" and the bankruptcy proceeding was shown "by its own files to have resulted from the attempt of claimant to enforce" its debt. *Fyne, supra,* at 109. The Fourth Circuit also stated that the factors which are present in the instant case would not, by themselves, justify the late filing of such a claim on an amended basis.

> We agree that mere knowledge on the part of the trustee or of the referee in bankruptcy as to the existence of a claim is not sufficient basis for allowing the filing of an amended claim nor is the listing of the claim in the bankrupt's schedules sufficient.

*Fyne, supra,* at 108. The facts in *Fyne* are clearly distinguishable from those herein. Here, the debtor-in-possession, who stands in the shoes of the trustee, knew of the claim and listed the claim in its schedules. Under the standard of *Fyne* this is not sufficient. S & B did not assert its claim in any correspondence of record with the debtor or with the debtor's attorney, but merely discussed its claim by telephone. In addition, the debtor listed the claim as disputed in both its original and its amended schedules, a circumstance which required the creditor to file a proof of claim. Finally, S & B knew from its conversations with the debtor's attorney that the debtor disputed the amount of the claim and knew, or should have known, that the debtor disputed the validity of the claim once S & B had received the March 5, 1982 letter of the debtor's attorney.

The instant case also is distinguishable from *Matter of Robertson,* 13 B.R. 726 (Bkrtcy.E.D.Va.1981), a case decided in this Court. In *Robertson,* mail addressed to the creditor at the address provided by the debtor had been returned to the Court with the postal service notation that it was neither deliverable as addressed nor forwardable. The creditor, thus, did not receive due notice of the bankruptcy and also lacked actual knowledge of the proceedings.

It is clear from the foregoing that at least by the time S & B received the March 5, 1982 letter from the debtor's attorney it knew or must be charged with the knowledge that the debtor had listed S & B's claim in its original schedules as disputed. Section 1111 of the Bankruptcy Code requires any creditor whose claim the debtor lists on its schedules as disputed to file a proof of claim. Accordingly, S & B knew, or should have known, in early March 1982 that it would have to file a proof of claim. S & B was in possession of that knowledge well prior to the cut-off date of July 15, 1982.

It is further clear that the debtor, by its attorney, was diligent in its efforts to provide for S & B to receive notices relating to the debtor's bankruptcy case. The creditor, S & B, on the other hand, has not demonstrated due diligence. It failed to protect its claim by failing to file a proof of claim promptly upon learning that the debtor's schedules showed the debt as disputed. In addition, S & B failed to notify the Clerk's Office of this Court of any changes of address.

The records of the Office of the Clerk of this Court corroborate fully the evidence submitted by the debtor indicating that the debtor provided the Clerk's Office with S & B's New Jersey address in time for notice of the "bar date" for filing a Proof of Claim to be sent to that address. Against those contemporaneous, documented records, the integrity of which are conclusive, S & B has submitted only an affidavit the contents of which are based upon telephone hearsay, not a personal examination of Court documents.

Accordingly, the Court finds that S & B had notice of the fact that its claim was disputed in ample time to file a Proof of Claim. The Court further finds that the debtor's attorney provided the office of this Court's Clerk with S & B's New Jersey address in time for notice of the "bar date" for filing a Proof of Claim to be sent to that address. Furthermore, the movant's theory that the facts here are sufficient for this Court to find that an informal proof of

claim was filed which can now be amended, as set forth in *Fyne v. Atlas Supply Company, supra,* cannot be sustained because the facts here do not meet the standards as set forth in *Fyne.* The motion of S & B for leave to file a Proof of Claim, therefore, must be denied.

An appropriate Order will enter.