**In re Gary Lynn McGREW and Mary Ruth McGrew, Debtors.**

**Bankruptcy No. HS 84–44.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

April 22, 1986.

Arnold N. Goodman, Little Rock, Ark., for debtor.

David Fuqua, North Little Rock, Ark., for creditor.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Bankruptcy Judge.

### Background

On March 6, 1986 a hearing was held concerning the adequacy of the amended disclosure statement and separate disclosure statement for Class C creditors [1] filed by the debtors on January 31, 1986 and concerning the notice given of the March 6 hearing on the disclosure statements.

### Findings of Fact and Conclusions of Law

Evidence presented at the hearing revealed that copies of the disclosure statements in question and the plan had not been mailed to all creditors. Instead, the debtors contend that they mailed copies along with the notice of the March 6, 1986 hearing only "to the debtor, trustee, any committee appointed under the Code, ... and any party in interest who [had requested] in writing a copy of the statement or plan." Fed.R.Bankr.P. 3017(a). It is the debtors' position that such mailing is in compliance with the Bankruptcy Code and the Rules promulgated thereunder. The Court finds, however, that there is no affidavit or certificate evidencing the debtors' mailing of the disclosure statements to any parties. As a matter of fact, the notice states: "A copy of the proposed Amended Disclosure Statement may be seen in the Clerk's office at the United States Bankruptcy Court...."

Although it has long been the policy of this Court to require that copies of the plan and disclosure statement be mailed to *all* parties in interest, including all creditors, when the notice of hearing on the disclosure statement is mailed, neither the Code nor the rules thereunder require such broad notice. Rather, the Code and rules simply provide that the plan and disclosure statement be mailed with the notice only to those entities that the debtors in this case selected to receive the items. *See* 11 U.S.C. § 1125(b) and Fed.R.Bankr.P. 3017(a). The bankruptcy provisions evidencing such notice and mailing requirements are as follows:

1. Under the proposed plan Class C is composed of former patients of debtor Dr. McGrew. All of the Class C claims are scheduled as disputed.

**(a) Hearing on disclosure statement and objections thereto.** Following the filing of a disclosure statement ... the court shall hold a hearing on not less than 25 days notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider such statement and any objections or modifications thereto. The *plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, trustee, any committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan. Objections* to the disclosure statement *shall be filed with the court and served on the debtor, the trustee, any committee appointed under the Code and such other entity as may be designated by the court,* at any time prior to approval of the disclosure statement or by such earlier date as the court may fix.

F.R.Bankr.P. 3017(a) (emphasis added).

(b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

11 U.S.C. § 1125.

Nevertheless, without an affidavit of mailing of the disclosure statements, the Court finds that there is no proof that copies of the disclosure statements were mailed to *any* parties, even to those specified in the Code and Rules. Therefore, the Court concludes that the mailing of the notice was not in compliance with F.R. Bankr.P. 3017(a).

■ The Court finds that the notice of the March 6, 1986 hearing to consider the adequacy of the disclosure statements, which was prepared and mailed by the debtors to all creditors, is itself flawed. The notice contains the following paragraph:

4. Objections to the proposed Amended Disclosure Statement or to the Disclosure Statement Provided to Class C Disputed Claimants should be filed with the U.S. Bankruptcy Clerk *on or before February 24,* 1986, and a copy served on the undersigned attorneys for the debtor.

(emphasis supplied). By attempting to set the bar date for filing Class C claims, the debtors are usurping the right and obligation of the Court to set such date under Fed.R.Bankr.P. 3003(c)(3).[2] *Accord, Matter of GAC Corp.,* 681 F.2d 1295, 1299 (11th Cir.1982); *In re Keyboards America, Inc.,* 30 B.R. 349, 350 (Bkrtcy.E.D.Va.1983).

In fact, the Court still has not set the bar date.

■ In reviewing the adequacy of the disclosure statements, the Court first examines the Amended Disclosure Statement filed January 31, 1986, which was apparently intended for disclosure to all creditors. (The other disclosure statement filed that date covered disclosure relevant to Class C creditors only.)

In the Amended Disclosure the Court specifically notes three major flaws. First, in the second paragraph of Paragraph "I. Effect of the Plan of Arrangement" the debtors state that the deadline for filing claims by Class C creditors is "(10) days after the date on which the hearing for confirmation of the debtors' plan of reorganization is heard...." As noted earlier, it is the Court's duty to set the bar date for filing claims, not the debtors. Fed.R.

---

**2.** Rule 3003(c)(3) states:

The court shall fix ... the time within which proofs of claim or interest shall be filed.

Bankr.P. 3003(c)(3). To date no deadline for filing claims has been set by the Court.

Second, the first paragraph of Paragraph "II. Requirements to confirm the plan" states that the plan can be confirmed upon acceptance by "one class of creditors." That is not the law if any class is impaired. And, the Court finds here that under the proposed plan there is an impaired class. Therefore, the plan in this case can be confirmed only upon acceptance by "at least one class of claims *that is impaired under the plan....*" 11 U.S.C. § 1129(a)(10) (emphasis supplied).

Third, the Summary position of the Amended Disclosure Statement is misleading. The summary simply states: "The Plan substantially reduces almost all of the indebtedness of the debtors to the value of their non-exempt assets and pays the then-remaining assets over a moderate period of time." The statement should go further to disclose (1) the sum to be distributed and (2) that the monies will be distributed to Class B creditors, not to others. In determining that the disclosure in the summary is inadequate and, therefore, misleading, the Court reviewed the proposed paln filed in this case. The plan at Section V, subsection (B.)(2.) shows the non-exempt portion of the value of assets in excess of exemptions (which under the plan is proposed to be used to pay Class B creditors) to be. $9,180.83. However, this portion of the plan fails to account for certain personalty and realty, including tools of the trade and a parcel of land purported on the schedules to be a *second* homestead, which if included, should increase the amount available for distribution to Class B creditors.

For the foregoing reasons the Court finds that the Amended Disclosure Statement does not contain adequate information and should not be approved. 11 U.S.C. § 1125(b).

■ Next, the Court reviews the disclosure statement entitled "Disclosure Statement Provided to Class C Disputed Claimants for Gary L. McGrew and Mary Ruth McGrew." Based upon that review, the Court finds that it, too, provides inadequate disclosure and should not be approved. 11 U.S.C. § 1125(b). Three of its flaws include those defects found in the Amended Disclosure Statement: (1) the debtors attempt to set a bar date for filing claims, (2) the debtors erroneously indicate the plan may be approved even if no class of impaired creditors vote to accept the plan, and (3) the summary is misleading. In addition, through the disclosure statement the debtors attempt to require: "Any Class C Claimant who does not *both* file a Proof of Claim within ten days from the date on which the hearing is held on confirmation of the debtor's Plan of Reorganization *and serve the debtors' counsel with said proof of claim* will receive no distribution on account of that disputed claim...." There is no Code provision or Bankruptcy Rule requiring that to be valid a copy of the Claim has to be served on the debtors' attorney within ten days of the confirmation hearing and the Court refuses to place that added burden on these creditors. The disclosure statement should be amended accordingly.

### Conclusion

Therefore the Court concludes that (1) the notice of the March 6, 1986 hearing, by setting forth a bar date for filing claims which should be set by the court is defective and should be revised and set out again with notice of the hearing date after a claims bar date is sought by the debtors and set by the Court; (2) neither the Amended Disclosure Statement nor the separate disclosure statement for Class C creditors contains adequate information and neither is approved; and (3) after new disclosure statements and a new notice is prepared copies of the notice and disclosure statements and plan should be mailed to all creditors as well as those entities specifically set forth by the Code and Rules. Fed.R. Bankr.P. 3017(a).

A separate Order in accordance with this Memorandum Opinion will be prepared.