In re HANSCOM RETAIL FOODS, INC. t/a Hanscom Bakery, Debtor.

Bankruptcy No. 84–01871G.

United States Bankruptcy Court, E.D. Pennsylvania.

March 30, 1988.

Michael A. Bloom, Bryna L. Singer, Cohen, Shapiro, Polisher, Shiekman and Cohen, Gary M. Schildhorn, Adelman Lavine Gold & Levin, Philadelphia, Pa., for movant, official creditors' committee.

Kevin William Gibson, Philadelphia, Pa., for debtor, Hanscom Retail Foods, Inc. t/a Hanscom Bakery.

Michael J. Martineau, U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM

BRUCE I. FOX, Bankruptcy Judge:

The official committee of unsecured creditors has filed a motion to expunge a proof of claim filed by the Internal Revenue Service. The challenged proof of claim was filed on August 21, 1986 and both parties agree that the bar date for proofs was December 15, 1985. The committee argues

that the IRS proof is untimely and so must be stricken. It does not challenge the correctness of the amount claimed due. The IRS contends that this proof amends an earlier filed and timely proof of claim, so that it may be allowed.

## I.

The parties offer the following factual record as uncontested.[1]

The debtor filed a voluntary petition in bankruptcy under chapter 11 on June 7, 1984. Among its creditors was the IRS; the IRS filed a proof of claim on July 24, 1984 which sought priority status for a claim in the amount of $65,106.52. This claim was based upon the debtor's failure to pay all withholding and FICA taxes due for the first quarter of 1984 and all federal unemployment taxes due for the fourth quarter of 1983. The first amendment to this proof was filed on May 28, 1985. This claim, which was to "supersede all prior claims", increased the priority demand to $66,097.78 by adding a small claim for unpaid prepetition interest due on withholding and FICA taxes for the fourth quarter of 1983, and by increasing the amount of prepetition penalties sought.

Amendment number 2 was filed on February 25, 1986. Now IRS claimed that withholding and FICA taxes due for the last quarter of 1980 were unpaid. The total amount sought, $59,525.58, was less than that demanded in amendment number 1 because downward adjustments were made to the amounts sought for first quarter 1984 withholding and FICA taxes, as well as in prepetition penalties.

Finally, amendment number 3 was filed on August 21, 1986. Also superseding all prior claims, this proof seeks payment for withholding and FICA taxes due for the second quarter of 1984 and unemployment taxes due for the last quarter of 1984. The

priority claim was increased to $113,752.75. To date there have been no further amendments.

On August 14, 1985, counsel to the debtor wrote to the bankruptcy clerk's office requesting that a bar date be set. The clerk then sent a notice stating that proofs of claim must be filed on or before December 15, 1985. There appears to be no dispute that IRS received a copy of the notice. Obviously, the second and third amended proofs of claim were filed after December 15, 1985. Not surprisingly, the creditor's committee objects only to the third amendment.

## II.

Unique to chapters 9 and 11, Bankr.Rule 3003(c) establishes the notion of a claims bar date. Under the current nationwide bankruptcy rules, there is no set time within which creditors must file proofs of claim in cases under chapters 9 and 11 in contrast to cases under chapters 7, 12 and 13. *See* Bankr.Rule 3002(c).[2] Thus, Rule 3003(c)(3) provides:

> The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

The bar date fixed applies only to those creditors who are obligated to file proofs of claim. *See* Bankr.Rule 3002(c)(2).[3]

In the matter *sub judice*, I have some doubt whether the procedure utilized for fixing a bar date, (i.e. communicating with the clerk of court) complies with Rule 3003(c)(3).

*See In re McGrew*, 60 B.R. 276, 278 (Bankr. W.D.Ark.1986) (the *court* must fix the date). However, as the IRS does not raise this issue, I shall consider any defect as waived and I shall assume a proper bar date of December 15, 1985.

---

1. Neither party offered any evidence. This matter was "submitted on the briefs." I have accepted as true factual assertions made in the briefs if these assertions were uncontroverted.

2. This was not always so. Interim Bankruptcy Rule 3001(b)(3), which was in effect in this district between October 1, 1979 and August 1, 1983, required that those creditors obligated to

file a proof of claim in chapter 11 do so prior to approval of the disclosure statement, unless the court established a different bar date.

3. Although the parties do not expressly so state, for this dispute to have any meaning, I must assume that Rule 3003(c)(2) applies to the IRS.

### III.

The relevant inquiry is whether the last IRS proof of claim constitutes an amendment of its earlier, timely filed proofs of claim. If so, should the amendment be permitted? I reach the first part of this inquiry—whether the August 21, 1986 proof is an amendment—by the following syllogism:

In this circuit untimely proofs of claim are not allowed. *E.g. In re Pigott*, 684 F.2d 239 (3d Cir.1982); *In re Mellen Manufacturing Co.*, 287 F.2d 37 (3d Cir.) *cert. denied*, 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed. 2d 1254 (1961); *In re Owens*, 67 B.R. 418 (Bankr.E.D.Pa.1986) *aff'd* 84 B.R. 361 (E.D. Pa.1988). To ameliorate the rigors of the bar date, while yet protecting the legitimate interests of all parties in the prompt administration of the estate, *see Hoos & Co. v. Dynamics Corp.*, 570 F.2d 433 (2d Cir.1978), courts have liberally allowed creditors to amend claims in order to correct omissions or modify information erroneously provided. *See Hutchinson v. Otis, Wilcox & Co.*, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179 (1903); *In re Anderson–Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir. 1986).

As I noted in *In re Ungar*, 70 B.R. 519, 521 (Bankr.E.D.Pa.1987):

Sometimes the rationale given for permitting claims to be amended is that bankruptcy courts are courts of equity. *In re Anderson–Walker Industries, Inc.*, 798 F.2d at 1287. Other times, the amendment of a claim has been likened to an amendment of a pleading. *See Fidelity and Deposit Co. v. Fitzgerald*, 272 F.2d 121, 129 n. 8, 130 n. 13 (10th Cir.1959), *cert. denied*, 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738 (1960); 3 Collier ¶ 57.11, at 194–195; 2 Remington §§ 746–752. Not only have amendments been liberally permitted, these amendments may occur after the bar date and relate back to the initial filing which was timely. *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir.1985); *Fidelity and Deposit Co. v. Fitzgerald.*

Since the August 1986 proof of claim was filed after the bar date, it may only be allowed if it is viewed as amending the earlier, timely filed proofs of claim.

■ In principle, a subsequent filed proof of claim amends an earlier proof if it is not a "new claim." Conversely, if a "new claim" is being asserted subsequent to the bar date, an objection to its filing must be sustained. *See In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir. 1985); *In re Black & Geddes*, 58 B.R. 547, 553 (S.D.N.Y.1983). There is some difficulty in applying this principle to IRS proofs of claim.

■ Clearly, the fact that a subsequent proof of claim is for a larger sum than the earlier proof does not prevent the latter from amending the former. *Fidelity and Deposit Co. v. Fitzgerald*, 272 F.2d 121, 131 (10th Cir.1959). ("An amendment changing the amount of the claim does not make it a new claim and may be made after the six month period [under § 57n] has expired.") (footnote omitted); *see Menick v. Hoffman*, 205 F.2d 365 (9th Cir.1953); *Continental Motors Corp. v. Morris*, 169 F.2d 315 (10th Cir.1948); *Industrial Commissioner v. Schneider*, 162 F.2d 847 (2d Cir.1947); *In re Matter of Gardinier, Inc*, 68 B.R. 352 (Bankr.M.D.Fla.1980). *See also In re Kellett Aircraft Corp.*, 173 F.2d 689 (3d Cir.1949) (creditor permitted to file an unsecured claim after the bar date because its claim for specific performance was denied). However, the IRS often does not simply increase the amount claimed; it may add different types of taxes or different tax years in its subsequent proofs. Courts have struggled in deciding whether such additions constitute "new claims" or merely amend old claims.

■ As best I can determine, a distinction has been drawn. An attempt by IRS to add a new type of tax after the bar date is generally disallowed. *See In re International Horizons, Inc* (attempt to add withholding and unemployment taxes to corporate income tax); *In re Hunt*, 59 B.R. 718 (Bankr.D.Me.1986) (attempt to add employment to income taxes); *In re Overly–Hautz Co.*, 57 B.R. 932 (Bankr.N.D.Ohio 1986) *aff'd.* 81 B.R. 434 (N.D. Ohio 1987) (excise taxes differed from corporate with-

holding and FICA taxes). However, an attempt by IRS to add additional quarters, (such as here), or even additional years is usually not considered a new claim. *See Menick v. Hoffman,* 205 F.2d 365 (9th Cir. 1953); *United States v. Roth,* 164 F.2d 575 (2d Cir.1948); *Industrial Commissioners v. Schneider,* 162 F.2d 847 (2d Cir.1947); *In re Diversified Brokers Co.,* 355 F.Supp. 76 (E.D.Mo.) *reh. denied* 358 F.Supp. 889, *aff'd* 487 F.2d 355 (8th Cir.1973); *In re Parchem,* 166 F.Supp. 724 (D.Minn.1958); *In re Simms,* 40 B.R. 186 (Bankr.N.D.Ga. 1984); *Matter of Saxe,* 14 B.R. 161 (Bankr. W.D.N.Y.1981).[4] Since the purpose of a proof of claim is for the creditor to put the estate on notice of its demand against the estate and its intention to hold the estate liable, *In re Thompson,* 227 F. 981 (3d Cir.1915), this purpose is met so long as the nature of the claim (i.e. the type of tax) is clearly and timely announced. Although important, the period for which taxes are claimed due may be later modified without seriously distorting the meaning of a proof of claim.

 Having concluded that IRS's August 1986 proof is not a new claim, I must address the second question—should this amendment be permitted? On this issue, I reject the IRS implicit suggestion that a more liberal standard should be applied when deciding whether to allow tax claim amendments as opposed to other creditor amendments. "The fact that the claim is a tax claim or other public or governmental claim is immaterial, as such claims are no longer specially annointed...." 2 Henderson, *Remington on Bankruptcy* ¶ 893–95, at 357 (1956).

As mentioned above, amendments to proofs of claim are likened to amendments to pleadings. Such amendments will be granted, in the discretion of the court, unless:

> the amendment will result in undue prejudice to the other party, is unduly delayed, is offered in bad faith or for a dilatory purpose or that the party has had sufficient opportunity to state a claim and has failed.

3 J. Moore *Federal Practice* ¶ 15.04[4] at 15–69—15–75 (2d ed. 1987). *Accord J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610 (3d Cir.1987); *Adams v. Gould, Inc.,* 739 F.2d 858, 863 (3d Cir. 1984), *cert. denied* 469 U.S. 1122, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985).[5]

 In the matter at bench, prejudice, if any, is minimal because there has been no plan confirmation under 11 U.S.C. § 1129 and no plan distribution to creditors under 11 U.S.C. § 1141.[6] The delay in filing its proof of claim is attributable, according to the IRS, to the debtor's delay, postpetition, in filing its tax returns for the last three quarters of 1984 (two quarters of which involved postpetition taxes). (The creditor's committee does not challenge this assertion). Moreover, unlike cases such as *In re Owens,* the IRS was not free to seek an extension of the bar date by virtue of Bankr.Rule 3002(c)(1). The bar date here was set by Bankr.Rule 3003(c)(3), and the request was made to set the bar date by letter to the clerk which was not sent to the IRS and to which the IRS had no opportunity to respond. While it would have been far better practice for the IRS to seek an extension once it was made aware of the bar date, I cannot conclude that this failure, by itself, should deny it the opportunity to amend.

---

**4.** While the time periods may have changed since § 57(n) of the former Bankruptcy Act was first enacted, the concepts of bar dates and amendments have not changed. Thus, decisions interpreting and applying § 57(n) are relevant to understanding and applying Bankr.Rules 3002(c) and 3003(c)(3). *In re Stern,* 70 B.R. 472 (Bankr.E.D.Pa.1987); *In re W.T. Grant Co.,* 53 B.R. 417, 420 (Bankr.S.D.N.Y.1985).

**5.** The IRS urges the application of the five factors mentioned in *In re Miss Glamour Coat*

*Co.,* 80–2 U.S.T.C. ¶ 9737, 85431 (S.D.N.Y. Oct. 8, 1980). These factors seem subsumed by the more general themes such as prejudice, delay and bad faith.

**6.** Prejudice does not arise because a party may not prevail on the merits in underlying litigation. *Matter of Williamson,* 804 F.2d 1355, 1358 (5th Cir.1986). Thus, no prejudice arises here from the fact that the proof of claim may be allowed.

In sum, where the amendment concerns postpetition taxes (or taxes for which returns were first due postpetition), *compare In re Owens* (prepetition taxes with a prepetition notice of tax deficiencies), was made prior to confirmation of a plan or distribution of payments to creditors, *compare In re Hunt* (discharge already granted); *In re Sapienza*, 27 B.R. 526 (Bankr.W. D.N.Y.1983) (distributions were made), and concerns the same type of taxes raised by a timely proof, it is appropriate to permit IRS to amend its proof of claim. *See In re Simms.*

Therefore, the committee's motion will be denied. An appropriate order will be entered.