11-3782-bk
*In re: DPH Holdings Corp., Michigan Funds Administration v. DPH Holdings Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

Present:     ROBERT A. KATZMANN,
             RICHARD C. WESLEY,
             GERALD E. LYNCH,
                      *Circuit Judges*,

_____

IN RE:  DPH HOLDINGS CORP.,

                      *Reorganized Debtor,*

MICHIGAN FUNDS ADMINISTRATION,

                      *Creditor-Appellant,*

             - v -                    No. 11-3782-bk

DPH HOLDINGS CORP.,

                      *Debtor-Appellee.*

_____

For Creditor-Appellant:     WILLIAM DENNER, Assistant Attorney General (Dennis Jay Raternik, Assistant Attorney General, John J. Bursch, Solicitor General, *on the brief*), *for* Bill Schuette, Attorney General of the State of Michigan, Lansing, Mich.

For Debtor-Appellee:     JOHN K. LYONS (Brandon M. Duncomb, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, Chicago, Ill.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Creditor-Appellant the Michigan Funds Administration ("MFA") appeals from an August 19, 2010, decision of the United States District Court for the Southern District of New York (Crotty, *J.*), affirming a September 9, 2010 order of the United States Bankruptcy Court for the Southern District of New York (Drain, *J.*), denying MFA's request to amend its claim for payment of administrative expenses under 11 U.S.C. § 503. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review bankruptcy decisions independently when on appeal from the district court, reviewing its conclusions of law *de novo*. *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999). However, a bankruptcy court's decision whether to allow a claim to be amended is reviewed for abuse of discretion, *In re Straviotis*, 977 F.2d 1202, 1204 (7th Cir. 1992), as is a bankruptcy court's decision "to deny a request to file [a claim] late," *Midland Cogeneration Venture LP v. Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005).

On appeal, MFA raises two principal arguments. First, MFA contends that the bankruptcy court abused its discretion when it concluded that the claim it submitted on August 23, 2010 (the "2010 Claim") was not an amendment of the claim it filed on July 15, 2009 (the "2009 Claim") because it did not "relate back" to the 2009 Claim. Federal Rule of Bankruptcy Procedure 7015, which adopts Federal Rule of Civil Procedure 15, "permit[s bankruptcy] courts to accept late-filed *amendments* to timely filed proofs of claim." *Enron*, 419 F.3d at 133. "Rule 7015 leaves to the bankruptcy court's discretion the decision to grant or deny leave to amend

2

claims." *Id.* "However, the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment." *Id.* (internal quotation marks omitted). Accordingly, courts "examine whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *Id.* (internal quotation marks and alterations omitted). To meet this requirement, a creditor must demonstrate that an amendment relates back to a timely filed claim because it either: "1) corrects a defect of form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim." *Id.*[1]

The bankruptcy court found that the 2010 Claim did not "relate back" to the 2009 Claim. We agree. While this Court has permitted a timely filed tax claim to be amended to cover periods both before and after the months included in the original claim, we have only done so in cases where the "computation[s] of the amounts due as contributions . . . under the statute depended on factors which continued constant irrespective of quarterly periods." *Indus. Comm'r of N.Y. v. Schneider*, 162 F.2d 847, 850 (2d Cir. 1947); *see also In re Sage-Dey, Inc.*, 170 B.R. 46, 50-51 (Bankr. N.D.N.Y. 1994) (allowing amendment of a tax claim to include an additional period when the new period was continuous with the original period and the taxes at issue accumulated as they accrued). Unlike the payroll taxes at issue in *Schneider*, the Michigan Workers Compensation Assessments do not accumulate as the accrue. Instead, pursuant to the

---

[1] Even if a proposed amendment passes this initial test, courts must still "examine each fact within the case and determine whether it would be equitable to allow the amendment." *Enron*, 419 F.3d at 133 (internal quotation marks omitted). Because we hold that the MFA's 2010 Claim did not relate back to its 2009 Claim, it is unnecessary for us to decide whether the bankruptcy court erred in finding that permitting MFA to amend its claim would be inequitable.

applicable Michigan statute, workers' compensation assessments depend on both (1) the total indemnification payments for the previous calendar year made by the individual self-insured employer and (2) the aggregate payments made by all self-insurers over the same period. MICH. COMP. LAW § 418.551(3). These conditions prevent assessments from continuously accruing. The actual amount of an employer's assessment cannot be determined on any given date because it depends on all other self-insurers' actual indemnity payments during the same period. Indeed, MFA itself implicitly acknowledges the noncontinuous nature of its assessments when it argues that as of the November Bar Date, it was unable to calculate the 2010 Claim.

Second, MFA argues that even if the 2010 Claim does not "relate back" to the 2009 Claim, thus precluding filing the 2010 Claim as an amendment, the bankruptcy court abused its discretion in denying its request to file the 2010 Claim as a belated new claim after the second bar date had passed. When deciding whether to permit a new late-filed claim, bankruptcy courts consider a number of factors including, "whether the debtor, or other creditors, would be unduly prejudiced by the amendment, or whether, instead, other creditors would receive a windfall from the disallowance of the amendment, and whether the late claimant acted in good faith and the delay was justified." *Enron*, 419 F.3d at 133 (internal quotation marks omitted). "[B]elated new claims will ordinarily be denied, even absent prejudice, unless the reason for the delay is compelling." *Id*. at 133-34 (emphasis omitted). MFA has failed to provide any reasonable explanation for its failure to timely file a contingent and unliquidated claim that it could have amended when it calculated the exact amount of DPH Holdings Corp.'s assessment in 2010. Accordingly, we find that the bankruptcy court acted well within its discretion in denying MFA's request to file its 2010 Claim after the second bar date.

We have considered MFA's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK