In the Matter of GEORGE W. MYERS
CO., Inc., Bankrupt.

George W. Myers Co., Inc., Alleged
Bankrupt, Appellant.

No. 17684.

United States Court of Appeals
Third Circuit.

Argued June 3, 1969.

Decided July 15, 1969.

Pace Reich, Modell, Pincus, Hahn &
Reich, Philadelphia, Pa., for appellant.

William Hart Rufe, III, Rufe & Rufe,
Sellersville, Pa., for appellee.

Before KALODNER, VAN DUSEN
and STAHL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a District Court order of November 26, 1968, denying a Petition for Review of a Referee's October 4, 1968, order adjudging "that George W. Myers is a bankrupt". The November 26, 1968, Memorandum Opinion of the able District Judge states the procedural background as follows:

"On June 12, 1968, the petitioning creditors in this cause filed an involuntary petition in bankruptcy charging a preferential payment while insolvent. In its answer the debtor denied insolvency. The issue was narrowed, by agreement, to one question: was the alleged bankrupt insolvent on the date of the payment, May 29, 1968? The referee held a hearing at which time evidence was reviewed from witnesses called by the creditors. The debtor was given an opportunity to offer testimony but advised the referee that it would rest its case without the introduction of any additional testimony. An adjudication of bankruptcy followed. The debtor petitioned for review and we remanded. After holding an additional hearing the referee reaffirmed his previous order which forms the basis of the present petition for review."

The above-mentioned remand to the Referee was explained in the District Court Memorandum Opinion of September 6, 1968 as follows:

"Upon consideration of the arguments advanced before us, we noted a distinct confusion surrounding the facts in this case. Illustrative of this confusion was the testimony of the impartial accountant in regard to the status of the alleged bankrupt on May 29, 1968. His audit was made on June 20, 1968 and was not conducive to a proper determination of the solvency or insolvency of the petitioner on the crucial date of May 29, 1968. Upon reviewing the circumstances of this case, it would better serve the interests of justice to refer this ques-

tion to the Referee in order to enable him to take additional testimony and resolve these conflicts." [1]

One of the reasons stated in the Petition for Review of the Referee's October 4 order was the Referee's refusal "to allow the alleged bankrupt to introduce evidence in rebuttal of the testimony presented at the remand hearing on September 25, 1968." We have concluded that the District Court's order of November 26, 1968, must be reversed. The alleged bankrupt was denied procedural due process by the Referee's refusal of its offer to present evidence at the close of the evidence introduced by the petitioning creditors at the additional remand hearing on September 25. See Republic National Bank of Dallas v. Crippen, 224 F.2d 565, 566 (5th Cir. 1955), where the court said:

> "The specification of error relied upon by appellants in this court is the refusal of the trial court to allow appellants to introduce any evidence in support of their claims. Other specifications of error were assigned, but the above specification is the heart of the whole controversy.

" * * * The right to be heard on their claims was a constitutional right and the denial of that right to them was the denial of due process which is never harmless error. [Citing cases.]"

The fact that the alleged bankrupt did not elect to rebut the evidence produced by the petitioning creditors at the first hearing did not constitute a waiver of its right to rebut the evidence they introduced at the additional September 25, 1968, hearing.[2] When it was prevented from introducing its own testimony at the remand hearing, the alleged bankrupt was thereby placed in the position of being unable to rebut the evidence the District Court stated on September 6 that it needed for a decision as to its solvency or insolvency.[3]

We express no opinion on the merits, including the issue of the solvency or insolvency of the alleged bankrupt on May 29, 1968. The November 26, 1968, order of the District Court will be reversed and the case will be remanded for proceedings consistent with this opinion.

1. This paragraph was followed by the District Court's order containing this language:
"The record is remanded to the Referee for the sole purpose of taking additional testimony to determine if insolvency existed on May 29, 1968."

2. Although the appellees' brief (p. 3) states that "the Alleged Bankrupt stated at the argument that he did not want the case remanded to afford the bankrupt an opportunity to present a defense" and the Memorandum Opinion of November 26, 1968, is to the same effect, the record does not support the contention that appellant elected not to ask for a remand as an alternative to a judgment of affirmance. Appellant's brief more accurately reflects the record in stating at page 15:
"The remand then reopened the record and indicated that the Trial Judge on the state of the record could not at that point decide whether solvency or insolvency existed as of the crucial date. The Petitioning Creditors were then allowed to alter the state of the record subsequent to the decision of counsel for the Appellant to rest. Thereafter the Appellant was not allowed the opportunity even to refute that quantum of testimony adduced at the remanded hearing.
"Thus, Appellant's counsel was bound by a decision made on what was believed to be a final record despite a later reopening of the record and an opportunity for Appellee's counsel to add to his case after Appellee's counsel had rested his case. This seems improper."

3. That the District Court regarded such additional testimony as necessary to the ultimate determination of solvency or insolvency on May 29, 1968, is shown by its second Memorandum Opinion of November 26, which states, " * * * we should like to make it crystal clear that our previous order was not intended to be determinative of the issue of insolvency."