**In the Matter of GEORGE W. MYERS CO., Inc., Bankrupt.**

**George W. Myers Co., Inc., Appellant.**

**No. 19302.**

United States Court of Appeals, Third Circuit.

Submitted under 3d Cir. Rule 12(6) on Sept. 20, 1971.

Decided on Oct. 6, 1971.

---

Pace Reich, Modell, Pincus, Hahn & Reich, Philadelphia, Pa., for. appellant.

William Hart Rufe, III, Rufe & Rufe, Sellersville, Pa., for appellee.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal requires us to decide whether the district court clearly erred in affirming a referee's order finding George W. Myers Co., Inc., bankrupt.

Creditors filed an involuntary petition in bankrupty against Myers on June 12, 1968, alleging that on May 29, 1968, while insolvent, Myers made certain preferential transfers to one of its creditors. Following hearings on June 24 and June 25, 1968, the referee adjudicated appellant bankrupt. Myers appealed the order of the referee to the district court which found "confusion surrounding the facts" of the case, and remanded the matter to the referee to hear additional testimony.

Following a second hearing on September 25, 1968. Myers again was adjudicated bankrupt, and the referee's order was affirmed by the district court. On appeal, this court reversed, holding that Myers was denied procedural due process by the referee's refusal to permit it to introduce new evidence at the second hearing. 412 F.2d 785.

Hearings were held a third time on October 6 and November 10, 1969, and on January 29, 1970, the referee again adjudicated appellant bankrupt. Once again, Myers appealed to the district

court, which affirmed the finding of the referee. This appeal followed.

During the hearings before the referee, accountants for Myers and for the creditors painted conflicting financial pictures concerning Myers' solvency on the date of the transfers in question. In adjudicating Myers bankrupt, the referee resolved this conflict in favor of the creditors, specifically finding that the testimony of Myers' accountant was not "credible." On review, the district court properly stated that the "findings of fact by the referee must be adopted by the reviewing court unless set aside under the 'Clearly Erroneous Rule.'" Bankruptcy General Order 36, 11 U.S.C.A.; Schapiro v. Tweedie Foot Wear Corp., 131 F.2d 876 (3rd Cir. 1942); Calpa Products Co., Bankrupt, 249 F. Supp. 71 (E.D.Pa.1965), aff'd, 354 F.2d 1002 (3rd Cir.), cert. denied, Grasberger v. Calissi, 383 U.S. 947, 86 S.Ct. 1204, 16 L.Ed.2d 209 (1966).

The only issue presented by this appeal, therefore, is whether the district court clearly erred in confirming the fact findings of the referee in bankruptcy. Under Bankruptcy General Order 36, *supra*, and F.R.Civ.P. 52(a), this court is precluded from interfering with an order of the district court confirming fact findings of a referee in bankruptcy unless error is clearly demonstrated. In re Schoenburg, 279 F.2d 806 (5th Cir.), cert. denied, 364 U.S. 923, 81 S.Ct. 290, 5 L.Ed.2d 262 (1960); 2 Collier on Bankruptcy ¶ 25.30 [2.1] at 1023–27.

Here, the referee found that the testimony of the company accountant was not credible. The district court concluded that the referee's findings were not clearly erroneous. Following an independent review of the record, we are not persuaded that the court clearly erred in so finding.

The order of the district court will be affirmed.