951 F.2d 932
 60 USLW 2462, 26 Collier Bankr.Cas.2d 287,
Bankr. L. Rep. P 74,386
 In re NEW CONCEPT HOUSING, INC., Debtor.
NEW CONCEPT HOUSING, INC., Appellant,
v.
Arl W. POINDEXTER, Jr.; Elva M. Poindexter, Thomas J.
Carlson, Trustee in Bankruptcy, Appellees.
 No. 90-3024.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 10, 1991.
Decided Dec. 20, 1991.
 
 Ted Von Willer, Jr., Springfield, Mo., argued (Theodore C. Salveter, III and Thomas J. Carlson, on brief), for appellant.
 Thomas J. Carlson, Springfield, Mo., argued, for appellees.
 Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 MAGILL, Circuit Judge.
 
 
 1
 This appeal concerns bankruptcy procedure. Appellant, New Concept Housing, Inc., seeks review of the district court's[1] decision affirming an order by the bankruptcy court that allowed a claim by appellees, Arl and Elva Poindexter, and approved a settlement of that claim entered into by the Poindexters and the estate trustee, Thomas Carlson, also an appellee. New Concept Housing also seeks review of the district court's decision affirming the bankruptcy court's dismissal of its motion for a rehearing. We affirm the district court's decisions.
 
 
 2
 New Concept Housing, Inc. (Debtor), through its principal Paul Johnson and others, filed a voluntary petition for a Chapter 7 liquidation on April 22, 1988. On July 24, 1989, Arl and Elva Poindexter (Claimants) filed a proof of claim for $103,476.14 or $185,436.16 (Claim). J.A. at 5. This Claim represented the deficiency remaining after Claimants foreclosed on two separate properties owned by the Debtor. On one of the properties, located at 318 South Campbell, Springfield, Missouri (Campbell Property), Claimants had held a first deed of trust. On the other property, located at 1001 East St. Louis Street, Springfield, Missouri (St. Louis Property), Claimants had held a first and second deed of trust. The alternative amounts listed by Claimants reflected a dispute over payments on the St. Louis Property that were the subject of a related adversary proceeding.
 
 
 3
 The Debtor subsequently told the estate trustee, Thomas Carlson (Trustee), that the Claim was not accurate because Claimants were not crediting the note relating to the St. Louis Property correctly. J.A. at 21. The Trustee agreed to object to the Claim on this ground, leaving to the Debtor the responsibility of objecting on any other grounds. Id. The resulting objection to the Claim dated December 13, 1989, and filed December 21, 1989, reads as follows:
 
 
 4
 The trustee objects to the amount of this claim, as the creditor is not crediting the note correctly. The creditor purchased the property in question at a foreclosure on the note and second deed of trust. By buying in at the foreclosure, the creditors extinguished any claim they had on the first deed of trust. The trustee's calculation of the deficiency from said sale is $16,234.23 plus the deficiency on the South Campbell property of $10,798.97 totals $27,033.20. The trustee does not object to this claim in the amount of $27,033.20.
 
 
 5
 J.A. at 60. Because the Trustee did not object to a $16,234.23 deficiency on the St. Louis Property, the objection related only to the debt secured by the first deed of trust.[2] The Debtor did not file a separate objection. On December 18, 1989, Claimants filed a response to the Trustee's objection that summarily stated that the "note has been credited properly" and that "[f]oreclosure of a second deed of trust does not extinguish the first deed of trust and certainly does not extinguish the underlying debt." J.A. at 61.
 
 
 6
 Without holding a hearing on the Trustee's objection, the bankruptcy court "ordered that the ... claim be disallowed as recommended by the trustee, subject to modification upon written application made within ten (10) days from [December 21, 1989]." J.A. at 60. On the following day, December 22, 1989, Claimants' attorney sent a letter to the bankruptcy court stating that:
 
 
 7
 Today I received your Order Disallowing Claim dated December 21, 1989. I assume that the Response I filed on December 15 [sic], 1989 is sufficient for you to set that order aside or to modify it. I believe that we might need a brief hearing. Thank you.
 
 
 8
 J.A. at 121. Claimants' attorney also sent a copy of this letter to the Trustee. Id. The bankruptcy court subsequently scheduled a hearing on the Trustee's objections. J.A. at 54. On the day of the hearing, February 6, 1990, Claimants filed with the court suggestions in support of their Claim. These suggestions cited Missouri law supporting Claimants' argument that they did not forfeit their first deed of trust on the St. Louis Property by buying the property at the foreclosure on the second deed of trust. J.A. at 64-69. These suggestions also stated that Claimants were seeking only $103,476.14, implying that the related litigation concerning the difference between a $185,436.16 claim and a $103,476.14 claim was resolved against Claimants. J.A. at 64.
 
 
 9
 At the February 6 hearing, the Trustee and Claimants presented to the court a settlement they had reached on the Claim. Claimants had agreed to accept one-half of the disputed amount. The court entered an order on February 15, 1990, allowing the Claim and approving the settlement. J.A. at 17.
 
 
 10
 Neither the Debtor's statutory trustee, Paul Johnson,[3] nor the Debtor's attorney, Richard Bender, received notice of the February 6 hearing. Appellant's Br. at 16. The Trustee specifically noted at the hearing that "I thought he [Johnson] got notice of the hearing today but he did not." J.A. at 45. After some confusion at the hearing as to who was representing the Debtor, the court concluded that the Debtor did not have an attorney present and thus told the Trustee to send a copy of the "proposed order" to Johnson and "see if he'll file something." J.A. at 47. Johnson did not receive notice of this order until February 25, 1990, ten days after it was filed. Appellant's Br. at 23.
 
 
 11
 On February 26, 1990, Johnson, on behalf of the Debtor, filed a pro se motion for a rehearing on the order allowing the Claim. J.A. at 19. Claimants then filed a motion to dismiss the Debtor's motion for rehearing, arguing that, as a corporation, the Debtor cannot act without counsel. J.A. at 40. The court agreed and dismissed the Debtor's motion. J.A. at 42.
 
 
 12
 Debtor raises four issues on appeal: (1) whether the bankruptcy court erred in treating Claimants' December 22 letter as a sufficient "written application" for modification of its order disallowing the Claim; (2) whether the bankruptcy court erred in entering its February 6 order allowing the Claim and approving the settlement of the Claim when the Debtor had not received notice of the hearing on the Trustee's objection to the Claim; (3) whether the bankruptcy court erred in approving the proposed settlement of the Claim; and (4) whether the bankruptcy court erred in dismissing the Debtor's motion for rehearing. The district court held that the bankruptcy court did not err. We affirm.
 
 I.
 
 13
 We first address whether the bankruptcy court erred in treating Claimants' December 22 letter as a sufficient "written application" for modification of its order disallowing the Claim. The Debtor argues that Bankruptcy Rule 3008 governs a motion for reconsideration of an order disallowing a claim and that Claimants' letter to the bankruptcy court does not satisfy the requirements of this rule. Bankruptcy Rule 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." This rule has been interpreted to require a showing of cause for reconsideration. See, e.g., In re Motor Freight Exp., 91 B.R. 705, 709-11 (Bankr.E.D.Pa.1988). The Debtor also contends that a Rule 3008 motion must satisfy certain procedural requirements such as filing and service. The Trustee and Claimants primarily contend that the requirements of Bankruptcy Rule 3008 were not applicable in this case.[4] Because we conclude that the bankruptcy court's order disallowing the Claim was not intended as a final order, we hold that Claimants' "written application for modification" did not need to satisfy the requirements of Bankruptcy Rule 3008.
 
 
 14
 Numerous factors indicate that the court did not intend its order disallowing the Claim to be subject to Bankruptcy Rule 3008. The court entered the order disallowing the Claim without first holding a hearing as required by Bankruptcy Rules 3007 and 9014. Although some objections may be excepted from this hearing requirement, see Bankr.R. 3007 editors' comment, the Trustee's objection was not such an instance. At the time the court entered its order, it had neither the factual nor the legal knowledge necessary to resolve the conflicting assertions contained in Trustee's Objections to the Claim and in Claimants' Response to Objections.[5] The court thus did not have any basis for making a reasoned ruling on the Trustee's objections.
 
 
 15
 The language of both the order and the notice to Claimants indicates that the court recognized this fact and intended its order to be conditional. The order itself states that the Claim is disallowed "subject to modification upon written application within ten (10) days from this date" and the notice to Claimants states that "unless application to modify such Order is filed within the ten (10) days from the date thereof, it will become final." If the court intended its order to be final, subject only to a Bankruptcy Rule 3008 motion, expressly subjecting the order to modification on written application does not make sense. Even if the court's order had read "[t]he claim is disallowed" with no further qualifying language, Claimants could have brought a Rule 3008 motion for reconsideration. Furthermore, the ten-day time limit does not coincide with the time for bringing a Rule 3008 motion. See Bankr.R. 3008; see also Bankr.R. 9023 (ten-day limit of Fed.R.Civ.P. 59 does not apply to Bankr.R. 3008). Although one could argue that the qualifying language of the bankruptcy court's order was intended to limit the time in which Claimants could bring a Rule 3008 motion, we find no support for such a conclusion. Even assuming that Bankruptcy Rule 9006(c)(1)[6] gives the court authority to limit the time for bringing a Rule 3008 motion to reconsider--an issue we do not decide here--the court did not show cause for reducing the time, as Bankruptcy Rule 9006(c)(1) requires. Because the court apparently did not intend that this ten-day limit reduce Claimants' time for bringing a Rule 3008 motion, this ten-day period must have served some other purpose. Presumably, it represented a limited time in which Claimants could have the order set aside on "written application" and without a showing of cause. The fact that the court treated the February 6 hearing as a hearing on the Trustee's objection rather than as a hearing to reconsider the court's order disallowing the Claim further supports our conclusion that the court's December 21 order was conditional.
 
 
 16
 These three actions--entering an order without a required hearing, including conditional language in the order, and treating the subsequent hearing as a hearing on the objection--directly support the Trustee's argument that the bankruptcy court routinely disallowed claims objected to by the trustee and then set the objections for an evidentiary hearing. See Appellee's Br. at 6. Why the court would follow such a procedure is not clear; possibly, this method of handling objections motivates claimants to quickly respond.
 
 
 17
 Regardless of the court's motivation, we cannot punish Claimants because the court's procedure for handling objections are not entirely consistent with the procedure anticipated by the bankruptcy rules. Claimants clearly relied on the bankruptcy court's decision to schedule a hearing on the Trustee's objection. If, instead, the court had treated Claimants' December 22 letter as an insufficient application for modification, Claimants could have brought a Bankruptcy Rule 3008 motion for reconsideration and easily met the required showing of cause because the order disallowing their claim was entered without a hearing. Thus, scheduling a hearing on the objection did not prejudice either the Trustee or the Debtor.
 
 
 18
 In sum, we find that the bankruptcy court did not intend its December 21 order to be final, but rather conditioned it on Claimants not making a written application for modification within ten days. Because it was the court and not the bankruptcy rules that provided for this condition, the court could determine that the condition was met even though the "written application" did not comply with the requirements of Rule 3008. By scheduling a hearing on the objection, the court clearly indicated that it did consider the letter--sent to both the court and the objecting Trustee, referring to a prior, filed response to the Trustee's objection, and requesting a hearing--a sufficient "written application for modification."
 
 II.
 
 19
 We next address whether the bankruptcy court erred in entering its February 15 order allowing the Claim and approving the settlement of the Claim when the Debtor had not received notice of the hearing. The Debtor correctly contends that notice of the February 6 hearing was required. As noted in section I above, the February 6 hearing was on the Trustee's objection to the Claim. Bankruptcy Rule 3007 provides that "[a] copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the ... debtor ... at least 30 days prior to the hearing." Additionally, the court approved a settlement at this hearing. Bankruptcy Rule 2002(a) provides that "the clerk, or some other person as the court may direct, shall give the debtor ... not less than 20 days notice by mail of ... (3) the hearing on approval of a compromise or settlement of a controversy, unless the court for cause shown directs that notice not be sent...." Failure to give the Debtor notice violated both these rules. Contrary to the Trustee's argument, simply because the Trustee and not the Debtor raised the objection to the Claim does not mean that the Debtor waived its right to notice of a hearing on the objection or to notice of a hearing on the proposed settlement.
 
 
 20
 The district court incorrectly concluded that the notice requirements were not violated. The court did not even address the notice requirement of Bankruptcy Rule 3007, which does not contain a waiver provision. Additionally, the court erroneously found that Bankruptcy Rule 2002(a) was not violated because the bankruptcy court had shown cause for not giving the Debtor notice. In reaching this conclusion, the district court noted that the bankruptcy court believed that the Debtor was represented by an attorney, and, at the time of the hearing, no one knew that this attorney no longer represented the Debtor. It is not clear how the district court concluded from these facts that the bankruptcy court had shown cause for not giving the Debtor notice. If the Debtor's attorney had been given notice of the hearing, these facts arguably would have shown cause for not giving the Debtor notice. No one, however, contends that notice was sent to the Debtor's attorney. Thus, the bankruptcy court's belief that the Debtor was represented by counsel, who was not given notice and who was not present at the hearing, in no way constitutes cause for not giving the Debtor notice. Moreover, there is no indication that the bankruptcy court even attempted to show cause for not giving the Debtor notice. J.A. at 45-47.
 
 
 21
 We do not condone violations of the Bankruptcy Rules' notice requirements. We conclude, however, that failure to give the Debtor notice of the hearing, in this case, constitutes harmless error.[7] Bankruptcy Rule 9005 provides that Rule 61 of the Federal Rules of Civil Procedure applies to cases under the code. Rule 61 provides, in part, that "no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for ... modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." Because we believe that the bankruptcy court would have approved the proposed settlement between Claimants and the Trustee even if the Debtor had been given notice and appeared at the hearing, we find that upholding the bankruptcy court's order allowing the Claim and approving the settlement is not inconsistent with substantial justice.
 
 
 22
 A bankruptcy trustee can settle claims without the debtor's approval. See In re Bashour, 124 B.R. 52, 54 (Bankr.N.D.Ohio 1991) ("Trustees do not represent the debtor nor do they owe the debtor any fiduciary obligation."); In re L & S Indus., Inc., 122 B.R. 987, 993 (Bankr.N.D.Ill.1991) ("A trustee in bankruptcy represents interests of the debtor's estate and its creditors, not the interests of the debtor's principals...."); cf. In re Apex Oil Co., 92 B.R. 847 (Bankr.E.D.Mo.1988) (approving settlement even though creditors objected). The bankruptcy court will then approve the settlement unless it falls "below the lowest point in the range of reasonableness." Id. at 867 (citing In re W.T. Grant Co., 699 F.2d 599, 608, 613 (2d Cir.), cert. denied, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983)). Accordingly, only if the Debtor could have shown that the proposed settlement fell below this point would the bankruptcy court not have entered the order approving the settlement.[8] We do not believe that the Debtor could have made such a showing.
 
 
 23
 Based on our review of the record, we find that the Trustee's objection to the Claim contained both a legal and a factual element and related only to the first deed of trust on the St. Louis Property.[9] J.A. at 60. The legal dispute was whether Claimants, by buying the St. Louis Property at the foreclosure on the second deed of trust, extinguished any claim they had on the debt secured by the first deed of trust. J.A. at 60. Claimants' suggestions in support of their Claim cited Missouri precedent holding that debt secured by a first deed of trust is not forfeited when the creditor purchases the property on foreclosure of a second deed of trust. J.A. at 68-69 (citing Peters v. Kirkwood Fed. Sav. & Loan Ass'n, 136 S.W.2d 369, 371 (Mo.App.1940)). A further review of Missouri precedent clearly indicates that both the debt and the deed of trust survive unless the parties intend otherwise. Moreover, "the intention is presumed to be in accordance with the best interest of the parties as shown by the surrounding circumstances; the interest of the holder of the first deed of trust is governing." Riggs v. Kellner, 716 S.W.2d 3, 5 (Mo.App.1986) (citations omitted); see also Londoff v. Garfinkel, 467 S.W.2d 298, 302 (Mo.App.1971) ("In the absence of any evidence of an expressed intention, we must presume that intention which appears to be to the best interest of the [holder of the first deed of trust] as shown by all the circumstances."). Clearly, it was in the interest of Claimants not to extinguish the debt secured by the first deed of trust. Given this precedent, the Debtor could not have made a legal showing that the settlement of the Claim was below the lowest point in the range of reasonableness.
 
 
 24
 Alternatively, the Debtor could have attempted to make a factual showing that the settlement was unreasonable. The amount of the Claim objected to was $76,442.94. J.A. at 60. The Trustee and Claimants agreed to settle this dispute for $38,221.47, one-half of the objected-to amount. For the Debtor to have shown that this settlement was below the lowest point in the range of reasonableness, it would have had to introduce unequivocal evidence that it had actually made more than $38,221.47 of uncredited payments on the debt secured by the first deed of trust. Although it is not clear what amount the Debtor claims was not accurately credited to this debt, see J.A. at 22-35, we do not read Debtor's motion for rehearing as even contending that Claimants failed to credit payments of $38,221.47. In fact, the Debtor's main argument with respect to this debt is that Claimants added to the balance a $10,000 note that was actually paid. Even if this fact were true, it does not place the settlement below the lowest point in the range of reasonableness.
 
 
 25
 In sum, we hold that failure to give the Debtor notice of the February 6 hearing violated Bankruptcy Rules 2002(a) and 3007. We further hold that, in this case, the violation of these rules constituted harmless error, because the Debtor's presence at the hearing would not have changed its outcome. The Debtor had neither a legal nor factual basis for establishing that the settlement was unreasonable.
 
 III.
 
 26
 We next address the Debtor's argument that the bankruptcy court erred in approving the proposed settlement of the Claim because insufficient evidence was introduced for the court to determine whether the settlement was reasonable. A bankruptcy court's approval of a settlement will not be set aside unless there is plain error or abuse of discretion. Florida Trailer & Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir.1960). We find that the bankruptcy court committed neither plain error nor abused its discretion. The bankruptcy court was sufficiently informed as to the basis of the Trustee's objections to determine whether the settlement fell below the lowest point in the range of reasonableness.
 
 
 27
 As noted above, the Trustee made both a legal and a factual objection to the Claim. As to the Trustee's legal objection, Claimants filed suggestions in support of their Claim which cited precedent holding that the debt secured by the first deed of trust was not extinguished by Claimants' purchase of the property on foreclosure of the second deed of trust. As to the factual objection, appellees note that the underlying debt was the subject of prior litigation in the bankruptcy court and that the court was well aware of the facts in dispute. Appellee's Br. at 11. Although the court may not have had the information necessary to resolve this factual dispute, the court need not resolve all disputes of fact before approving a settlement. See Florida Trailer & Equip. Co., 284 F.2d at 571. If this were done, there would be no need for a settlement.
 
 
 28
 In sum, we conclude that the bankruptcy court did not commit plain error or abuse its discretion. The court was not so unaware of the legal or factual issues involved in the Trustee's objection that it was unable to determine whether the settlement was unreasonable.
 
 IV.
 
 29
 Finally, we address the Debtor's argument that the bankruptcy court erred in dismissing the Debtor's motion for rehearing. The district court affirmed the bankruptcy court's dismissal of this motion because it was filed pro se, in violation of the well-established rule that a corporation must be represented by counsel in bankruptcy proceedings. New Concept Housing, Inc. v. Poindexter, No. 90-3221-CV-S-4, Order at 3-4 (W.D.Mo. Sept. 13, 1990); see also Bankr.R. 9010 advisory committee note ("This rule ... does not purport to change prior holdings prohibiting a corporation from appearing pro se."). We affirm the district court.
 
 
 30
 The Debtor argues that the court should allow the pro se motion because it had only twenty-four hours to obtain counsel and file a motion for rehearing after receiving notice of the February 15 order approving the settlement. Debtor's primary support for this argument is dicta in In re Las Colinas Dev. Corp., 585 F.2d 7 (1st Cir.1978), implying that a corporation can proceed pro se if its right of access to the courts is restricted. Id. at 13. Even if this were a valid exception, we do not believe it applies to the Debtor. The bankruptcy court dismissed a motion for rehearing apparently brought under Bankruptcy Rule 9023. This rule requires the motion to be filed within ten days after the entry of judgment. This ten-day limit, however, does not apply to motions to reconsider an order allowing a claim brought under Bankruptcy Rule 3008. Rather, the right to bring a Bankruptcy Rule 3008 motion extends for a minimum of one year after the order was entered. If the order allowing the claim was entered "without contest," even this one-year limitation does not apply. Bankr.R. 9024. Regardless of whether the one-year time limitation applies in this case, it is clear that the Debtor had ample time after the order was entered to obtain counsel and enter a non-pro se Rule 3008 motion.[10]
 
 
 31
 The Debtor has failed to cite any additional authority supporting an exception to the rule against pro se motions in this case. This was not a situation where the Debtor could not afford counsel. Cf. In re Holliday's Tax Services, Inc., 417 F.Supp. 182 (E.D.N.Y.1976) (allowing debtor to proceed pro se because it could not afford counsel). In fact, the Debtor had counsel who could have filed the motion for the Debtor if not for a conflict of interest. Accordingly, we affirm the district court's decision upholding the bankruptcy court's dismissal of the motion for rehearing.
 
 CONCLUSION
 
 32
 We affirm the district court's judgment upholding the bankruptcy court's order allowing the Poindexters' claim and approving the settlement of this claim. We also affirm the district court's decision affirming the bankruptcy court's dismissal of New Concept Housing's motion for a rehearing.
 
 
 33
 LAY, Chief Judge, dissenting.
 
 
 34
 Although the majority acknowledges that the notice requirements of Bankruptcy Rules 3007 and 2002(a) were violated, they apply the harmless error rule to excuse those violations. I respectfully dissent.
 
 
 35
 On December 21, 1989, the bankruptcy court entered an order disallowing the Poindexters' claim against the bankrupt estate, as recommended by the Trustee at the direction of the Debtor. The finality of the order was conditioned upon the Claimants' failure to submit a "written application" for modification within ten days. The following day, the Claimants sent a letter to the court requesting a hearing on the matter. This letter was never filed by Claimants or the court, and the Debtor was never sent notice of its existence. Although the Debtor had every reason to believe the order disallowing the claim became final December 31, 1989, the court today finds that the Claimants' letter constituted a proper "written application," and that the December 21, 1989 order did not become final.[1]
 
 
 36
 Upon receipt of the Claimants' letter, the bankruptcy court scheduled a hearing on the Trustee's objections for February 6, 1990. Contrary to the mandate of Bankruptcy Rule 3007, that "[a] copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to ... the debtor ... at least 30 days prior to the hearing," the Debtor was never sent notice of this hearing. The notice requirement of Bankruptcy Rule 2002(a) was also violated because the Trustee and Claimants presented the court with a proposed settlement at the February 6, 1990 hearing. Rule 2002(a) provides that "the clerk, or some other person as the court may direct, shall give the debtor ... not less than 20 days notice by mail of ... the hearing on approval of a compromise or settlement of a controversy ... unless the court for cause shown directs that notice not be sent...."
 
 
 37
 At the February 6, 1990 hearing, the Trustee pointed out the Debtor's absence to the court. Following the determination that the Debtor was not represented,[2] the court agreed to permit the Trustee to "send a copy [of the order] to Mr. Johnson and see if he'll file something...." J.App. at 47. The court entered the order approving the settlement on February 15, 1990. The Debtor claims not to have received notice of this order from the Trustee until twenty-four hours before the period for response expired.[3] Due to its failure to procure legal counsel, the Debtor filed a motion for rehearing pro se on February 26, 1990. The majority affirms the bankruptcy court's dismissal of this motion on the ground that corporations must be represented by counsel in bankruptcy proceedings.
 
 
 38
 Due process requires that all interested parties "receive notice of any bankruptcy proceeding which is to be accorded finality." In re Hobdy, 130 B.R. 318, 320 (BAP 9th Cir.1991) (citing In re Toth, 61 B.R. 160, 165 (Bankr.N.D.Ill.1986)); see also Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The Supreme Court has held that such notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314, 70 S.Ct. at 657.
 
 
 39
 It is undisputed that the Debtor never received notice of the February 6, 1990 hearing. The majority finds the error in the district court's holding that the notice requirement had not been violated because the bankruptcy court had shown cause, under Rule 2002(a), for the failure to send the Debtor notice of the hearing.[4] Rule 2002(a) requires that notice must be sent "unless the court for cause shown directs that notice not be sent...." It is clear from the transcript of the February 6, 1990 hearing that the bankruptcy court never attempted to justify the failure to send the debtor notice. In fact, the court did not evidence great concern at the absence of the debtor or its representative.[5]
 
 
 40
 The denial of the debtor's right to notice and the opportunity to be heard on claims against the bankrupt estate is "the denial of due process which is never harmless error." Republic Nat'l Bank v. Crippen, 224 F.2d 565, 566 (5th Cir.1955); see also In re Boomgarden, 780 F.2d 657, 660 (7th Cir.1985); In re Myers, 412 F.2d 785, 786 (3d Cir.1969).
 
 
 41
 To now urge that the Debtor's objection would not have made any difference in the approval of the settlement constitutes sheer improper speculation. Due process affording procedural notice and hearing is not such a trivial device that can or should be obviated by hindsight rationalizations.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 The Claimants' proof of claim seeks a total deficiency of $92,677.17 on the St. Louis Property. $92,677.17-$16,234.94 (the uncontested deficiency) = $76,442.94 (the claimed deficiency from the first deed of trust). J.A. at 6-7
 
 
 [3]
 Missouri law makes the directors and officers of a defunct corporation the trustees of the corporation for purposes of winding up the corporate affairs. Mo.Ann.Stat. § 351.525 (Vernon 1991). This statutory trustee represents the debtor in a bankruptcy proceeding, as opposed to the estate trustee who represents the bankruptcy estate
 
 
 [4]
 The Trustee and Claimants also argue that because Claimants filed suggestions in support of its Claim, a hearing was appropriate. Our reading of the record indicates that the "suggestions" that this argument apparently relies on were not filed until the day of the hearing, February 6, 1990. Rather, only Claimants' response to the Debtor's objections were filed prior to the time the bankruptcy court scheduled the hearing. Accordingly, the "suggestions" are irrelevant to whether the hearing was proper
 
 
 [5]
 Contrary to the Debtor's assertion, Claimants' suggestions in support of their Claim were not before the court when it entered its order disallowing the claim. The suggestions were filed on February 6, 1990; the order was filed on December 21, 1989
 
 
 [6]
 Bankruptcy Rule 9006(c)(1) provides that:
 Except as provided in paragraph (2) of the subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.
 
 
 [7]
 The dissent argues that failure to give the Debtor notice cannot constitute harmless error because it is a due process violation. Although we agree that a due process violation cannot constitute harmless error, we do not believe that a due process violation occurred. For a due process violation to have occurred, the Debtor must have been deprived of a protected interest without sufficient process. E.g. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982). The allowance of the Poindexters' settled claim deprived the Debtor of a protected property interest only if the debtor can establish a real possibility that a successful objection to the claim would result in a surplus. See, e.g., In re F.H. Donovan Painting Co., 220 F.Supp. 811, 823 (E.D.Mo.), aff'd in part & rev'd in part on other grounds, 325 F.2d 870 (8th Cir.1963); In re Stanley, 114 B.R. 777, 778 (Bankr.M.D.Fla.1990); see also J. Tyler, Annotation, Bankrupt's Right to Object to Allowance of Claims, 64 A.L.R.2d 889 (1959). The Debtor has failed to offer any evidence of such a surplus. In fact, the Debtor has not even raised a due process claim
 
 
 [8]
 We assume for purposes of this discussion that the bankruptcy court would have allowed the Debtor to comment on the proposed settlement at the hearing
 
 
 [9]
 In Debtor's motion for rehearing, the Debtor also raises objections as to Claimants' accounting on the second deed of trust. J.A. at 22. Because there was never any formal objection to this accounting, and, in fact, the Trustee specifically stated in the objection that he did not object to $16,234.23 of the deficiency relating to the second deed of trust, we doubt whether the Debtor could have even raised this issue at the February 6 hearing
 
 
 [10]
 Assuming that the order allowing the Claim was entered without contest and that the Debtor can establish that it is a "party in interest," the Debtor could still bring a Rule 3008 motion for reconsideration. The right to bring a motion for reconsideration and the right to reconsideration, however, are two different things. The bankruptcy court has discretion to decline such a motion without affording a hearing to the movant. Bankr.R. 3008 advisory committee note. Additionally, the court will grant a motion seeking reconsideration only upon a showing of cause. See 11 U.S.C. § 502(j); see also, e.g., In re Colley, 814 F.2d 1008, 1010 (5th Cir.1987); In re Motor Freight Exp., 91 B.R. 705, 710-11 (Bankr.E.D.Pa.1988). Because any motion by the Debtor seeking reconsideration would be an attempt to overturn an approved settlement, it is unlikely that the Debtor could establish cause for reconsideration without showing that the settlement was below the lowest point in the range of reasonableness
 
 
 [1]
 The majority concedes the unconventionality of the bankruptcy court's methods, yet speculates that this practice might serve to motivate claimants to respond more quickly to objections
 
 
 [2]
 The Claimants' attorney suggested the court need not concern itself with Mr. Johnson: "He's not a party to it. He's not a creditor. He's nothing." J.App. at 46. The bankruptcy judge admitted she did not know whether Johnson had "standing." Id
 
 
 [3]
 The Debtor apparently sought a rehearing under Rule 9023, which requires motions to be filed within ten days of the court's order. As the majority points out, a Rule 3008 motion for reconsideration of an order allowing a claim entered without contest may be entered over a year after entry of the order
 
 
 [4]
 The majority also notes the district court's failure to address the notice requirement of Rule 3007, which does not contain a waiver provision
 
 
 [5]
 The district court also erred in suggesting that by permitting the Trustee to send Mr. Johnson a copy of the order, the bankruptcy court "sought to protect the debtor's interest." Unlike the December 21, 1989 order conditionally disallowing the Claimants' claim, the February 15, 1990 order approving the settlement was final. Sending notice of the final order can scarcely be described as protecting the Debtor's interests