**In re Gary P. BARTON and Deborah E. Barton, Debtors.**

**Gary P. BARTON and Deborah E. Barton, Plaintiffs,**

**v.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. GG90–83741. Adv. No. 92–8401.**

United States Bankruptcy Court, W.D. Michigan.

March 2, 1993.

Larry A. Ver Merris, Grand Rapids, MI, for plaintiffs Gary P. and Deborah E. Barton.

Terry Zabel, U.S. Atty., Office of Dist. Counsel, I.R.S., Grand Rapids, MI, for defendant I.R.S.

### OPINION REGARDING DEBTORS' OBJECTION TO ALLOWANCE OF CLAIM

JAMES D. GREGG, Bankruptcy Judge.

### I. ISSUES

This adversary proceeding presents two issues. First, have the debtors timely filed an objection to a claim? Second, has the Internal Revenue Service properly filed an amendment to a claim or has it filed an untimely new claim?

### II. JURISDICTION

This court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B) and (I). The court has the authority to enter a final order in this adversary proceeding. 28 U.S.C. § 157(c)(2). The following constitutes the court's findings of fact and conclusions of law. FED.R.BANKR.P. 7052.

### III. PROCEDURAL BACKGROUND AND FACTS [1]

Gary P. and Deborah E. Barton (herein "Debtors") filed a joint voluntary petition under chapter 13 of the Bankruptcy Code on September 21, 1990. The Debtors' schedules listed the Defendant, the Internal Revenue Service (herein "IRS"), as an unsecured priority creditor for delinquent taxes. The federal taxes were listed as jointly owed and in an amount of one dollar. (*See* Exhibit A.) The chapter 13 trustee's office sent a notice scheduling the first meeting of creditors for November 13, 1990. The notice also scheduled the confirmation hearing for December 4, 1990 and advised entities of the claims bar date as February 11, 1991. (*See* Exhibit B.)

Prior to their bankruptcy filing, the Debtors were the officers and shareholders of Area Construction Management Company (herein "Area Construction"). Gary P. Barton was also the sole proprietor of the Barton Construction Management Company (herein "Barton Construction") prior to the Debtors' bankruptcy filing. Both Area Construction and Barton Construction ceased operations near the end of 1988. (Trans. at 35–36.)

The IRS filed a $13,621.86 proof of claim on December 5, 1990. The claim is a 100% penalty against the Debtors for failure to withhold taxes from Area Construction employees during the period ended December 31, 1987. (*See* Exhibit C.) The Debtors do not dispute this IRS claim. An Amended Chapter 13 Plan was confirmed on May 21, 1991. The confirmed plan provided for payment in full of the IRS claim. (*See* Exhibit D, at 4.) The Debtors have made and continue to make payments as provided for under their confirmed plan. As of the trial date, the Debtors had paid at least $9,286.81 on the IRS claim. (*See* Exhibit K.)

On November 21, 1991, the IRS filed an Amendment #1 to Proof of Claim Dated 11/30/90 for additional unsecured priority taxes. (*See* Exhibit L.) The additional claim includes: (1) $6229.50 for failure to withhold taxes from Barton Construction employees for the period ended March 31, 1988 (Exhibit L & H); (2) $954.80 for failure to pay Barton Construction FUTA taxes for the period ended December 31, 1988 (Exhibit L & I); and (3) a $27,032.87 100% penalty for failure to withhold Area Construction employment taxes for the period ended September 30, 1988.[2] (Exhibit L, E & J.) The Debtors do not now dispute the amount of the tax liability. (Trans. at 38.)

On December 9, 1991, the chapter 13 trustee filed a Motion and Order to Allow Additional Claim of the IRS in the amount of $36,292.84. (*See* Exhibit M.) The order was signed by this judge and docketed on December 17, 1991 (herein "Order Allowing Claim"). The Order Allowing Claim gave the Debtors thirty days to file a motion to modify the order or to modify the plan. If no such application or modification was filed, the Order Allowing Claim was to become final. (*See* Exhibit M.)

On January 10, 1992, the Debtors filed a Motion for Additional Time to File Application for Modification of the Order Allowing Claim before the thirty day time period expired. (Exhibit N.) A hearing regarding this motion was scheduled for February 11, 1992. At the hearing, the court granted the motion to allow the Debtors extended time to verify the accuracy of the additional claim. An Order for Additional Time for Debtor to File Application of Motion/Order Allowing Claim of IRS, and Establishing Status Conference Date was docketed on February 14, 1992 (herein "Order Authorizing Additional Time"). The Order Authorizing Additional Time gave the Debtors until April 14, 1992 to file an application or

---

1. The parties bench filed a Stipulation of Facts for Trial on January 8, 1993. All exhibits presented at trial were joint exhibits.

2. The amount claimed for the 100% penalty includes the amount in the IRS' original claim. (*See* Exhibit E; Trans. at 58–59.) Gary P. Barton filed the necessary tax forms with the IRS to determine the Area Construction withholding tax liability for the period ended December 31, 1987. (*See* Exhibit F & G.) However, no tax forms were submitted to the IRS during subsequent periods for either Area Construction or Barton Construction. The IRS collected the information and prepared the necessary tax forms. (*See* Exhibit H, I & J.)

other proper pleading regarding the additional claim of the IRS. The Order Authorizing Additional Time also scheduled a status conference for April 14, 1992. (*See* Exhibit O.)

On April 14, 1992, the status conference was continued to May 19, 1992. The Debtors filed an Objection to Allowance of Additional Claim of IRS on April 27, 1992 (herein "Debtors' Objection"). A hearing was scheduled for June 2, 1992. (*See* Exhibit Q.) At this hearing, the court converted the matter to an adversary proceeding. *See* FED.R.BANKR.P. 3007 & 7001.

## IV. DISCUSSION

A. *Was the Debtors' Objection to the IRS's Additional Claim Timely Filed?*

The IRS argues this adversary is moot because the Debtors' Objection was filed late. The IRS asserts the Order Authorizing Additional Time set April 14, 1992 as the last day for the Debtors to file an objection. Because the Debtors actually filed the objection on April 27, 1992, it is argued the Debtors' Objection is untimely and the adversary proceeding is moot.

The Debtors assert because the status conference was continued to May 19, 1992, the date to file objections was also extended to the same date. The Debtors also argue even if the last day to file an objection was April 14, 1992, filing Debtors' Objection thirteen days late is authorized by excusable neglect.

In *New Concept Housing, Inc. v. Poindexter (In re New Concept Housing, Inc.)*, 951 F.2d 932 (8th Cir.1991), the court addressed an analogous fact situation and a similar issue. In *New Concept Housing*, a chapter. 7 trustee objected to a claim for foreclosure deficiencies regarding two of the debtor's properties. The claimant filed a response to the trustee's objection. A few days later, without holding a hearing, the bankruptcy court entered an order dis-

allowing the claim. The order stated "the claim [is] disallowed as recommended by the trustee, subject to modification upon written application made within ten (10) days...." *Id.* at 934. The claimant's attorney sent a letter to the bankruptcy court stating the response previously filed would stand as a written application for modification of the court's order disallowing the claim. *Id.* A hearing was scheduled but was never held because the parties settled the matter. The debtor subsequently objected to the claim.

The issue was whether the claimant's letter sent to the bankruptcy court after disallowance of the claim was a sufficient written application for modification of the order. *Id.* at 935. The debtor argued the claimant's letter did not satisfy the requirements for reconsideration under FED. R.BANKR.P. 3008. The Eighth Circuit concluded the bankruptcy court order disallowing the claim was not a final order. Therefore, the Eighth Circuit held it was not necessary for the written application for modification to satisfy the requirements for reconsideration.[3] *Id.*

The Eighth Circuit reasoned:

Numerous factors indicate that the court did not intend its order disallowing the Claim to be subject to Bankruptcy Rule 3008. The Court entered the order disallowing the Claim without first holding a hearing as required by Bankruptcy Rules 3007 and 9014.... At the time the court entered its order, it had neither the factual nor the legal knowledge necessary to resolve the conflicting assertions [between the trustee and the claimant]. The court thus did not have any basis for making a reasoned ruling....

The language of ... the order ... indicates that the court recognized this fact and intended its order to be *conditional* .... If the court intended its order to be final, subject only to a Bankruptcy Rule 3008 motion, expressly subjecting the order to modification on written application does not make sense.... Presumably,

---

**3.** Section 502(j) provides that an allowed claim may be reconsidered for cause. "A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). Fed.R.Bankr.P. 3008 provides a party in interest may move to reconsider an order allowing a claim.

[the ten day time limit] represented a limited time in which Claimants could have the order set aside on "written application" and *without a showing of cause [as required by § 502(j)].*

*Id.* at 936 (emphasis added). The Eighth Circuit further reasoned even if the claimant's letter was treated as an insufficient application for modification, the necessary showing of cause for reconsideration would be easily satisfied because the order disallowing the claim was entered without a hearing. *Id.* at 937.

Although the issue before this court is not identical to that in *New Concept Housing,* the Eighth Circuit's interpretation of the order disallowing the claim is applicable. In this adversary proceeding, the Order Allowing Claim provides, in pertinent part:

IT IS THEREFORE ORDERED that the above claim be *allowed* as has been recommended by the Trustee and payable as provided by the debtor's plan and other orders of this Court or paid in full if not otherwise provided in the plan of the debtor.

That a copy of this Motion and Order be mailed to the debtor(s) and debtor's attorney of record and that the *debtor be given 30 days in which to file a written application for modification of this order or to modify the plan* to pay this claim less than full payment. *In the absence of such application or modification, this order shall become final.*

(Exhibit M.) (Emphasis added.) The plain language of the Order Allowing Claim: (1) allows the IRS's additional claim; (2) authorizes the Debtors to file a "written application" for modification of the order; and (3) states the order will become final if no objection or modification is filed within thirty days.

The Order Allowing Claim is a *conditional order* which provides the IRS's additional claim is allowed unless some type of objection is filed within thirty days. *New Concept Housing,* 951 F.2d at 936; *cf.*

*General Elec. Capital Corp. v. Hoerner (In re Grand Valley Sport & Marine, Inc.),* 143 B.R. 840, 849 (Bankr.W.D.Mich. 1992) (finding that an order providing for notice and opportunity to object to a cash collateral agreement was a conditional order). The Order Allowing Claim will not become a final order unless no objection is filed within the prescribed time limit. It allows a claimant thirty days to file written application for modification without having to satisfy the "cause" requirement for reconsideration. *See New Concept Housing,* 951 F.2d at 936.

Another issue is whether the time limit of the Order Allowing Claim expired before the Debtor's Objection was filed, thereby transforming it to a final order. If the Order Allowing Claim became final, the Debtors' only remedy is a motion to reconsider.

The Debtor responded to the Order Allowing Claim by filing a motion to extend the time to respond. The Order Authorizing Additional Time granted this request and scheduled a status conference for April 14, 1992, the date the extension was to expire. During this time period, the Order Allowing Claim continued to be a conditional order.

Subsequently, the Debtors requested, the IRS agreed to, and the court authorized a continuance of the status conference until May 19, 1992. In the interim between April 14, 1992 and May 19, 1992, the Debtors' Objection was filed. The Order Authorizing Additional Time indicates the status conference and the extension of time were intended by this court to be coextensive. (*See* Exhibit O.) The status conference and the extension of time continued to coexist throughout the procedural posturing of this proceeding. This court finds the Order Allowing Claim continued to be conditional until May 19, 1992. This court concludes the Order Allowing Claim never became final and determines the Debtors' Objection was timely filed.[4]

---

**4.** Even if this court were to conclude the Order Allowing Claim became final before the Debtors' Objection was filed, there are two other grounds to proceed to the merits of this adversary proceeding. First, because the court has broad discretion to reconsider allowance or dis-

### B. Was the IRS's Additional Claim Timely Filed?

 When a claimant originally files a timely proof of claim, an untimely additional claim is allowed if it is an "amendment". The untimely additional claim is disallowed if it is a "new claim". *See United States v. International Horizons, Inc. (In re International Horizons, Inc.)*, 751 F.2d 1213, 1216 (11th Cir.1985); *United States v. Miller (In re Miller)*, 118 B.R. 76, 79 (E.D.Tenn.1989); *In re Bajac Constr. Co.*, 100 B.R. 524, 525 (Bankr.E.D.Cal.1989); *In re Hanscom Retail Foods, Inc.*, 96 B.R. 33, 35 (Bankr.E.D.Pa.1988); *In re Simms*, 40 B.R. 186, 188–89 (Bankr.N.D.Ga.1984). In a tax claim context, an attempt by the IRS to add a new type of tax after the bar date is generally disallowed as untimely new claim. *Miller*, 118 B.R. at 189; *Hanscom Retail Foods*, 96 B.R. at 35. However, if the additional claim adds additional quarters of tax or similar types of taxes, it should be allowed as an amendment. *Bajac Constr*, 100 B.R. at 525; *Hanscom Retail Foods*, 96 B.R. at 36; *In re Richmond*, 92 B.R. 713, 714 (Bankr.S.D.Tex.1988); *In re Midwest Teleproductions Co., Inc.*, 69 B.R. 675, 677 (Bankr.N.D.Ohio 1987); *Simms*, 40 B.R. at 189.

 The IRS's timely filed claim is for a 100% penalty for failure to pay Area Construction employee withholding taxes for the period ended December 31, 1987. (Exhibit C.) The additional untimely claim filed by the IRS is for: (1) a 100% penalty for failure to pay employee withholding taxes of Area Construction for the period ended September 30, 1988; (2) failure to withhold employment taxes for Barton Construction for period ended March 31, 1988; and (3) failure to pay FUTA taxes for Barton Construction for the period ended December 31, 1988. (Exhibit L.)

The additional claim for the 100% penalty is the identical tax as claimed in the IRS's original claim except for the addition of subsequent quarters. This court therefore determines the additional 100% penalty claim is an amendment to the IRS's timely filed original claim. *Bajac Constr*, 100 B.R. at 525; *Hanscom Retail Foods*, 96 B.R. at 36; *In re Richmond*, 92 B.R. 713, 714 (Bankr.S.D.Tex.1988); *In re Midwest Teleproductions Co., Inc.*, 69 B.R. 675, 677 (Bankr.N.D.Ohio 1987); *Simms*, 40 B.R. at 189.

The additional claims for Barton Construction withholding and FUTA taxes are similar to the original IRS claim. The FUTA taxes, withholding taxes and 100% penalty are from the same basic genre of taxes. They are all employment taxes. Even more specifically, they are all payroll taxes. *See Midwest Teleproductions*, 69 B.R. at 677. Therefore, this court holds the additional claim for Barton Construction FUTA and withholding taxes is an amendment to the IRS's timely filed original claim.

 A balancing of the equities is required to determine whether the amendment should be allowed. *International Horizons*, 751 F.2d at 1216, 1218; *Miller*, 118 B.R. at 80; *Hanscom Retail Foods*, 96 B.R. at 36 n. 5; *Midwest Teleproductions*, 69 B.R. at 677; *Matter of Saxe*, 14 B.R. 161, 165 (Bankr.S.D.N.Y.1981). Five factors have developed in determining whether an amendment to a claim should be allowed. These factors are:

(1) whether the debtors and creditors relied upon the [IRS's] earlier proofs of claim or whether they had reason to know that subsequent proofs of claim would be filed pending the completion of an audit;

allowance of claims and motions to reconsider may be informal, the Debtors' filing of numerous pleadings before the court regarding the additional claim may be argued to be a motion to reconsider. *Colley v. National Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir.1987); *Employment Sec. Div. v. W.F. Hurley, Inc. (In re W.F. Hurley, Inc.)*, 612 F.2d 392, 395 (8th Cir. 1980). "Cause" to allow reconsideration is easily shown because the court entered the order

without a hearing. *New Concept Housing*, 951 F.2d at 937. Second, the filing of the Debtor's objection 13 days after the expiration of the extension may be considered timely under an excusable neglect theory. *Brunswick Assocs. Ltd. Partnership v. Pioneer Inv. Servs. Co. (In re Pioneer Inv. Servs. Co.)*, 943 F.2d 673, 677 (6th Cir.1991), *cert. granted*, — U.S. —, 112 S.Ct. 2963, 119 L.Ed.2d 585 (1992).

(2) whether other creditors would receive a windfall by the court's refusing to allow amendment;

(3) whether the [IRS] intentionally or negligently delayed in filing its proof of claim ...;

(4) the justification for failure of the [IRS] to file for a timely extension to the bar date; and

(5) whether equity requires consideration of any other factors.

*International Horizons*, 751 F.2d at 1218 (citing *In re Miss Glamour Coat Co., Inc.*, 80–2 U.S.T.C. (CCH) ¶ 9737, 1980 WL 1668 (S.D.N.Y.1980)).

■ Prior to the cessation of business for Area Construction and Barton Construction, Gary P. Barton filed the necessary tax forms with the IRS. (Trans. at 19–20.) Barton admitted, at the time the chapter 13 petition was filed, he knew there was outstanding employment tax liability for both businesses. (Trans. at 38.) Barton met with an IRS representative on January 28, 1991, approximately three weeks prior to claims bar date, to discuss the tax liabilities of the businesses. (Trans. at 23.) At this meeting, the IRS requested that Barton file the necessary tax returns for the businesses. He never filed the returns. (Trans. at 24.) Ultimately, the IRS representative calculated the Debtors' employment tax liability and filed the returns without any meaningful assistance from the Debtors.

The original claim only covered a 100% penalty for Area Construction for the period ended December 31, 1987. Barton's testimony, taken as a whole, indicates the Debtors knew subsequent proofs of claims were going to be filed by the IRS. Because the IRS was left to determine the Debtors' employment tax liability without any substantial assistance by the Debtors, this court finds the IRS did not intentionally or negligently delay in filing the proof of claim.

The only factor possibly weighing in favor of the Debtors is the IRS's failure to timely file for an extension of the bar date. The IRS has presented no reasonable justification for its failure to request an extension. Nevertheless, this court believes the Debtors' reluctance to fully assist the IRS in determining their tax liability (and failure to file requisite tax returns) is more intolerable than the IRS's failure to request an extension of the bar date. While this court does not condone the IRS's failure to file for an extension of the bar date, the Debtors' failure to act is much of the cause for the delay in determining the tax liability. Therefore, weighing all the relevant equitable factors, this court concludes the IRS's amendment is properly allowable.[5]

## V. CONCLUSION

For the reasons stated above, the court holds: (1) the Debtor's Objection to IRS's additional claim was timely filed; and (2) the IRS Amendment #1 to Proof of Claim Dated 11/30/90 is an amendment and properly allowed.

---

**5.** The IRS has argued this court should follow *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn. 1992). In that case, the *en banc* court held tardily filed claims are allowed in a chapter 13 case. *Id.* at 560. The court reasoned because the Bankruptcy Act explicitly disallowed late claims and the Bankruptcy Code does not explicitly disallow late claims, the plain meaning of § 502 allows tardily filed claims. *Id.* Given this court's decision, it is not necessary to further discuss or consider *Hausladen*.