**In re CONTINUING LEGAL EDUCATION SATELLITE NETWORK, INC., Debtor.**

**Bankruptcy No. 92–71095.**

United States Bankruptcy Court, C.D. Illinois.

Aug. 30, 1993.

R. Stephen Scott, Springfield, IL, for debtor.

John Brunsman, Springfield, IL, for the Illinois Dept. of Revenue.

## OPINION

LARRY L. LESSEN, Chief Judge.

The issue before the Court is whether the Illinois Department of Revenue properly filed an amendment to a timely filed claim or an untimely new claim.

The Debtor, Continuing Legal Education Satellite Network, Inc., filed its petition pursuant to Chapter 11 of the Bankruptcy Code on May 19, 1992. The Illinois Department of Revenue was listed as an unsecured priority creditor with a fixed and liquidated claim of $529.20 for 1992 first quarter Illinois withholding taxes. The Department of Revenue was included on the original creditor matrix and served with the May 21, 1992, notice of the commencement of the Chapter 11 case. The Order for Relief set October 5, 1992, as the bar date for filing claims.

On August 6, 1992, the Department of Revenue sent the Debtor a "Notice of Tax Liability, Sales Tax". The notice indicates that the Debtor owes $18,870 in taxes, penalties and interest for the audited period October 1, 1985, through May 31, 1992, for Retailers Occupation, Service Occupation, Use, Service Use, and Local Taxes. The Debtor responded to the notice with a protest and request for a hearing.

On August 28, 1992, the Department of Revenue filed a claim in the Chapter 11 case for $3,386.22 for withholding taxes in the fourth quarter of 1991 and the first two quarters of 1992. The claim also refers to an audit for the period 10/01/85— 05/18/92, but no sum is assigned to this period. The claim also contains the following bold face statement:

> The Illinois Department of Revenue hereby reserves the right to make a determination of additional tax liability, including, but not limited to, state and/or local occupation/use taxes and/or state income taxes in accordance with the provi-

sions of the Illinois Tax Statutes that it administers and file an additional claim therefor.

On September 16, 1992, the Debtor filed its disclosure statement and plan of reorganization. The plan specifically references the October 5, 1992, bar date, and informs creditors that they are required to file proofs of claim if their claims are listed as disputed, contingent, or unliquidated. The plan describes the Department of Revenue claim as disputed. The Department of Revenue was served with a copy of the plan and disclosure statement.

On October 26, 1992, the Department of Revenue filed a claim for $18,614. The claim is for Retail Occupation and Use Tax for the audited period October 1985 through May 1992.

The Court approved the Debtor's disclosure statement on December 7, 1992, and sent the plan out for balloting. The Department of Revenue did not object to the plan or submit a ballot rejecting the plan. The plan was confirmed on January 11, 1993.

Before the Court is the Debtor's objection to the Department of Revenue's $18,-614 claim. The Debtor argues that the claim should be denied as untimely. The Debtor further argues that it does not owe any taxes to the Department of Revenue. The Department of Revenue responds that its late-filed claim was merely an amendment of its timely filed claim, and therefore should be allowed. The briefs and arguments of the parties have focused on the timeliness issue; no evidence was adduced on the amount of any liability. Accordingly, the Court will limit its discussion to the timeliness issue.

*In re Barton*, 151 B.R. 110, 115 (Bankr. W.D.Mich.1993) recently summarized the law on whether an additional tax claim was timely filed as follows:

> When a claimant originally files a timely proof of claim, an untimely additional claim is allowed if it is an "amendment". The untimely additional claim is disallowed if it is a "new claim". In a tax

claim context, an attempt by the IRS to add a new type of tax after the bar date is generally disallowed as untimely new claim. However, if the additional claim adds additional quarters of tax or similar types of taxes, it should be allowed as an amendment.

(citations omitted)

■ The Department of Revenue's timely filed claim is for withholding taxes, penalties and interest for the fourth quarter of 1991 and the first half of 1992. The additional untimely claim filed by the Department of Revenue is for retail occupation and use taxes, interest and penalties for the audited period of October 1985 through May 1992. These are new types of taxes, and therefore it is an untimely new claim.

■ The Department of Revenue's statement in its timely filed claim that it reserves the right to file an additional claim for additional tax liability does not help the Department of Revenue. A party may not unilaterally extend the bar date for filing claims; only the Court can extend the bar date. The Department of Revenue never requested an extension of the bar date.

Moreover, the Department of Revenue has not shown any justification for its delay in filing the claim for retail occupation and use taxes. As evidenced by its notice of tax liability, the Department of Revenue was aware of this claim three weeks before it filed its timely claim. The Department of Revenue had all the information it needed to timely file its claim, but simply failed to do so.

■ Further, the Department of Revenue did not object to the disclosure statement or plan of reorganization. These documents described the Department of Revenue's claim as disputed, and informed the Department of the need to file its claim before the October 5 bar date. When the Department failed to object to the disclosure statement or vote against the plan of reorganization, the Debtor was entitled to rely on the timely filed claim and ignore the late claim.

For the foregoing reasons, the Debtor's objection to Claim # 90 of the Illinois Department of Revenue is allowed, and the claim is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.